Plaintiff-appellant, Roy A. Slider, appeals from a judgment of the Franklin County Court of Common Pleas dismissing plaintiff's complaint on motion of defendant-appellee, Ohio Department of Rehabilitation and Correction ("ODRC") for failure to state a claim upon which relief can be granted and for plaintiff's noncompliance with the requirements of R.C.2969.25(C).
On October 31, 1997, plaintiff, then an inmate at the Southern Ohio Correctional Facility ("SOCF"), filed a complaint seeking to prevent defendant from transferring him from the SOCF in Lucasville, Ohio, to a prison in another state pursuant to R.C. 5120.50, the Interstate Correction Compact ("ICC"). With his complaint, plaintiff filed a request to proceed informa pauperis and a supporting affidavit.
According to his complaint, plaintiff was in administrative control isolation at SOCF due to an earlier assault upon a corrections officer at another facility. On October 17, 1997, ODRC requested that plaintiff consent to a transfer to a facility outside Ohio pursuant to R.C. 5120.50(D)(2)(a). Plaintiff refused.
Accordingly, on October 24, 1997, ODRC held a hearing to have plaintiff transferred without his consent. Id. at R.C.5120.50(D)(2)(b). James Hieneman, a witness at that hearing, testified that transfer was needed for plaintiff's own safety. Hieneman said that plaintiff would never be released to the general population of an Ohio facility for fear he may suffer retaliation at the hands of prison personnel stemming from the earlier assault he had committed on a corrections officer.
At the hearing, plaintiff attempted to argue that the ICC was unconstitutional because it allowed a person who committed an offense in Ohio to be transported out of Ohio in contravention of Article I, Section 12 of the Ohio Constitution, which states: "No person shall be transported out of the state, for any offense committed within the state * * *." On October 31, 1997, plaintiff was taken from SOCF and transferred to a state prison in Virginia. Because the transfer was completed after plaintiff's complaint was filed, plaintiff sought leave of the trial court to file a supplemental complaint alleging the unconstitutionality of his transfer under Article I, Section 12
of the Ohio Constitution. His request was granted by decision and entry dated June 10, 1998.
On December 2, 1997, ODRC filed a motion to dismiss plaintiff's complaint, alleging that the complaint failed to state a claim upon which relief could be granted pursuant to Civ.R. 12(B)(6), and that plaintiff failed to comply with the filing requirements of R.C. 2969.25(A) and (C). In opposing the motion to dismiss, plaintiff submitted a memorandum which admitted that plaintiff did not comply with the requirements of R.C. 2969.25. In a belated attempt to comply with R.C.2969.25(A), plaintiff filed an affidavit with a memorandum in which he stated that he had initiated two civil actions within the last five years, both actions seeking monetary relief for personal property lost at SOCF. He stated also that he no longer remembered the case names or numbers but that both cases were unsuccessful.
As to R.C. 2969.25(C), plaintiff submitted with his memorandum a copy of a letter addressed to the Franklin County Clerk of Courts that he had mailed with his initial complaint. The letter requested that the clerk advise him of the amount of the filing fees so that he could pay them as soon as possible. Plaintiff's letter explained that he had also filed a request to proceed in forma pauperis because, due to the urgency of the claims he was presenting, he did not have sufficient time to determine the amount of required filing fees. In an affidavit submitted with his memorandum, plaintiff stated that as of December 28, 1997, he still had no knowledge of the amount of filing fees that had to be paid.
Finally, plaintiff's memorandum in opposition to defendant's motion to dismiss also argued that plaintiff's complaint did state a claim upon which relief may be granted on the basis that the ICC was in violation of the Ohio Constitution.
On January 23, 1998, plaintiff paid the required filing fees. However, by decision and entry dated June 10, 1998, the trial court, among other things, granted ODRC's motion to dismiss plaintiff's complaint. The court dismissed the complaint both for failure to state a claim upon which relief could be granted and for plaintiff's failure to comply with the requirements of R.C. 2969.25(C). Plaintiff appeals, assigning two errors:
 I. THE TRIAL COURT ERRED IN DISMISSING COMPLAINT FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF COULD BE GRANTED.
 II. TRIAL COURT ERRED IN DISMISSING COMPLAINT FOR FAILURE TO COMPLY WITH R.C. 2969.25(C)(1).
We first address plaintiff's second assignment of error, because a failure to comply with R.C. 2969.25(C) would render his first assignment of error moot. State ex rel Alford v.Winters (1997), 80 Ohio St.3d 285, 286. Plaintiff's second assignment of error asserts the trial court erred in dismissing his complaint for noncompliance with R.C. 2969.25(C)(1).
In filing his complaint, plaintiff initially sought a waiver of filing fees and permission to proceed in forma pauperis.
R.C. 2969.25(C). In accordance with R.C. 2969.25, plaintiff filed an affidavit of indigency, but he did not include a statement from the institution's cashier setting forth the balance of his account for each of the six months preceding the filing of the complaint. R.C. 2969.25(C)(1). While noncompliance with R.C. 2969.25 provides grounds for dismissing an inmate's complaint, Alford, supra, by actually paying the filing fees, plaintiff eliminated the need to comply with the requirements of that statute relating to waiver of the filing fee: an affidavit pursuant to R.C. 2969.25(C) only need be filed when an inmate seeks a waiver of the filing fees.
The purpose of R.C. 2969.21 through 2969.27 is to curb inmate litigation. Hattie v. Andrews (May 14, 1998), Franklin App. No. 97APE11-1446, unreported (1998 Opinions 1811). R.C. 2969.25
seeks to accomplish that end by imposing significant limitations upon the ability of inmates to proceed in formapauperis without assuming a share of the filing fees proportionate to their financial resources. Id.; see, also,28 U.S.C.A. 1915 (Prison Litigation Reform Act). While plaintiff admittedly paid the filing fees late, he nonetheless actually paid them. He should be able to have his case heard and decided on the merits. DeHart v. Aetna Life Ins. Co. (1982), 69 Ohio St.2d 189,193 ("Fairness and justice are best served when a court disposes of a case on the merits").
Accordingly, plaintiff's second assignment of error is sustained.
Plaintiff's first assignment of error asserts the trial court erred in dismissing his complaint for failure to state a claim on which relief can be granted. When ruling on a motion to dismiss for failure to state a claim pursuant to Civ.R. 12(B)(6), the trial court must presume that all the factual allegations of the complaint are true and draw all reasonable inferences in favor of the nonmoving party. Mitchell v. LawsonMilk Co. (1988), 40 Ohio St.3d 190, 192. A trial court must not grant a motion to dismiss for failure to state a claim unless it "appear[s] beyond doubt from the complaint that the plaintiff can prove no set of facts entitling him to recovery."O'Brien v. University Community Tenants Union (1975), 42 Ohio St.2d 242, syllabus.
In his supplemental complaint, plaintiff specifically alleged that his transfer was "in clear contravention of Article I, Section 12 of the Ohio Constitution * * *." (Supplemental Complaint, para. 26.) In his memorandum in opposition to ODRC's motion to dismiss, plaintiff further asserted that his transfer pursuant to the ICC was in violation of the Ohio Constitution.
In finding that plaintiff's complaint failed to state a claim upon which relief could be granted, the trial court simply noted that ODRC acted pursuant to R.C. 5120.50(D) and thus plaintiff's rights had been protected through the hearing process mandated by R.C. 5120.50. However, that conclusion does not address plaintiff's argument. Plaintiff contends that R.C.5120.50, even when complied with, is in violation of the Ohio constitutional provision prohibiting transfer of an inmate out of state for an offense committed within the state. The trial court did not resolve that issue, which may present a claim for which relief can be granted.
Accordingly, plaintiff's second assignment of error is sustained.
Having sustained plaintiff's first and second assignments of error, we reverse the judgment of the trial court and remand this case for further proceedings in accordance with this opinion.
Judgment reversed and case remanded.
KENNEDY, J., concurs.
PETREE, J., dissents.