[This opinion has been published in *Ohio Official Reports* at 80 Ohio St.3d 285.]

THE STATE EX REL. ALFORD, APPELLANT, *v*. WINTERS, JUDGE, APPELLEE.

[Cite as *State ex rel. Alford v. Winters*, 1997-Ohio-117.]

*Mandamus to compel judge to vacate relator's conviction and sentence and discharge him from Lorain Correctional Institution—Complaint dismissed when R.C. 2969.25(A) and (C) not complied with.*

(No. 97-992—Submitted September 23, 1997—Decided November 19, 1997.)

APPEAL from the Court of Appeals for Summit County, No. 18480.

———————————

{¶ 1} In April 1997, appellant, Larry S. Alford, an inmate at Lorain Correctional Institution, filed a complaint for a writ of mandamus in the Court of Appeals for Summit County to compel appellee, Summit County Common Pleas Court Judge James P. Winters, to vacate Alford's 1988 conviction and sentence and discharge him from prison. Alford also filed affidavits of verification and indigency. The court of appeals subsequently dismissed Alford's complaint because he "did not file an affidavit pursuant to R.C. 2969.25(A) with his petition" and he "neither paid the deposit against costs nor proceeded in accordance with R.C. 2969.25(C) to obtain a waiver of the deposit."

{¶ 2} This cause is now before the court upon an appeal as of right.

———————————

*Larry S. Alford, pro se*.

*Maureen O'Connor*, Summit County Prosecuting Attorney, and *Paul Michael Maric*, Assistant Prosecuting Attorney, for appellee.

———————————

*Per Curiam.*

{¶ 3} We affirm the judgment of the court of appeals for the reasons stated in its opinion. Alford failed to comply with the mandatory requirements of R.C.

2969.25(C) in commencing his mandamus action.[1]  Alford does not contend that R.C. 2969.25 is inapplicable to mandamus actions.  *State ex rel. Wright v. Ohio Adult Parole Auth.* (1996), 75 Ohio St.3d 82, 85, 661 N.E.2d 728, 731, quoting R.C. 2731.09 ("Issues of fact raised by the pleadings in mandamus actions 'must be tried, and further proceedings had, in the same manner as in civil actions.' "); cf. *Martin v. United States* (C.A.7, 1996), 96 F.3d 853, 854 (question of whether mandamus action brought by federal prison inmate constitutes a "civil action" for purposes of federal Prison Litigation Reform Act depends on the circumstances). The court of appeals' dismissal of Alford's complaint was further justified because habeas corpus, rather than mandamus, is the appropriate action for persons claiming entitlement to immediate release from prison.  *State ex rel. Lemmon v. Ohio Adult*

---

1.  R.C. 2969.25 provides:

"(A) At the time an inmate commences a civil action or appeal against a government entity or employee, the inmate shall file with the court an affidavit that contains a description of each civil action or appeal of a civil action that the inmate has filed in the previous five years in any state or federal court.  The affidavit shall include all of the following for each of those civil actions or appeals:

"(1) A brief description of the nature of the civil action or appeal;

"(2) The case name, case number, and the court in which the civil action or appeal was brought;

"(3) The name of each party to the civil action or appeal;

"(4) The outcome of the civil action or appeal, including whether the court dismissed the civil action or appeal as frivolous or malicious under state or federal law or rule of court, whether the court made an award against the inmate or the inmate's counsel of record for frivolous conduct under section 2323.51 of the Revised Code, another statute, or a rule of court, and, if the court so dismissed the action or appeal or made an award of that nature, the date of the final order affirming the dismissal or award.

"* * *

"(C) If an inmate who files a civil action or appeal against a government entity or employee seeks a waiver of the prepayment of the full filing fees assessed by the court in which the action or appeal is filed, the inmate shall file with the complaint or notice of appeal an affidavit that the inmate is seeking a waiver of the prepayment of the court's filing fees and an affidavit of indigency.  The affidavit of waiver and the affidavit of indigency shall contain all of the following:

"(1) A statement that sets forth the balance in the inmate account of the inmate for each of the preceding six months, as certified by the institutional cashier;

"(2) A statement that sets forth all other cash and things of value owned by the inmate at that time."

2

*Parole Auth.* (1997), 78 Ohio St.3d 186, 188, 677 N.E.2d 347, 349 (affirming dismissal of mandamus complaints filed by inmates).

*Judgment affirmed.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

————————————