[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY.
This appeal, considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, is not controlling authority except as provided in S.Ct.R.Rep.Op. 2(G)(1).
The defendant-appellant, Stanley Hill, was convicted of murder on March 21, 1986, after trial by jury. The judgment entry journalized on that date specifies that Hill was to be imprisoned for a term of fifteen years to life, to run consecutively to a "Federal sentence." Hill appealed his conviction to this court, which affirmed. State v. Hill (June 17, 1987), Hamilton App. No. C-860269, unreported. A subsequent appeal to the Ohio Supreme Court was denied. A convoluted series of motions and pleadings followed, beginning in April 1988 and continuing to November 19, 1999, when Hill, pro se, filed under his original case number (B-852131) what he stated to be a "Civil Action for Declaratory Judgment," based upon what he perceived to be deprivations of his constitutional rights. On February 1, 2000, the Hamilton County Court of Common Pleas dismissed Hill's "civil complaint * * * because Hill has not satisfied the requirements of R.C. 2929.25."
On February 15, 2000, Hill, pro se, filed a notice of appeal to this court from the order of February 1, 2000, dismissing his complaint. In his brief, Hill assigns five errors, the precise nature of which is unclear, as are the issues he presents, except for the third, which asserts that the court erred in dismissing his "Motion for Declaratory Judgment."
After construing Hill's assigned errors and stated issues as liberally as possible, we hold that none of them are well taken and they are, therefore, overruled.
We affirm the order of the trial court dismissing Hill's "civil complaint" on the authority of State ex rel. Alford v. Winters
(1997), 80 Ohio St.3d 285, 685 N.E.2d 1242. There, the Supreme Court affirmed the dismissal of a complaint for a writ of mandamus filed by an inmate of a prison who had sought, inter alia, to vacate his conviction. The court held, unanimously, that the complainant had failed to comply with the mandatory requirements of R.C. 2929.25. See, also, State ex rel. Washington v. OhioAdult Parole Auth. (1999), 87 Ohio St.3d 258, 719 N.E.2d 544. Here, Hill had to satisfy the particulars in the statute before he commenced his civil action. Close examination of the record convinces us that he failed to do so, and that the trial court did not err in dismissing Hill's complaint. The judgment of the court of common pleas is, accordingly, affirmed.
Painter, P.J., Winkler and Shannon, JJ.
Raymond E. Shannon, retired, of the First Appellate District, sitting by assignment.