JOURNAL ENTRY AND OPINION
Relator requests that this court compel respondent clerk to mail relator a copy of the journal entry denying relator's motion to vacate void sentence, void judgment and schedule sentencing hearing issued in State v. Aziz, Cuyahoga County Court of Common Pleas Case No. CR-283780 on September 9, 1998.
A copy of the September 9, 1998 journal entry is attached to the complaint. The entry reflects that the entry was mailed to Richland Correctional Institution (Richland). Relator avers that he has never resided at Richland. Rather, he avers that he resides at Mansfield Correctional Institution (Mansfield).
Respondent has filed a motion to dismiss or, in the alternative, for summary judgment. Respondent notes that relator filed an appeal from the September 9, 1998 journal entry. This court dismissed that appeal in State v. Aziz (Aug. 16, 1999), Cuyahoga App. No. 76681, unreported, under App.R. 4(A) as being untimely. Relator argues, however, that respondent clerk failed to serve the September 9, 1998 journal entry on relator as required by Civ.R. 58(B).
In State ex rel. Daniels v. Fuerst (May 29, 1997), Cuyahoga App. No. 72192, unreported, Daniels contended that the respondent clerk of the court of common pleas had not discharged his duty to serve relator with a copy of the October 28, 1996 entry denying a motion filed by Daniels in his criminal case.
 [R]espondent correctly asserts that relator has not established that respondent has failed to discharge a clear legal duty. That is, relator contends that Crim. R. 32(B) in conjunction with Civ.R. 58(B) requires service of the October 28, 1996 journal entry. We note, however, that Crim. R. 32(B) requires the clerk to enter judgment but, unlike Civ.R. 58(B) does not require the clerk to serve the judgment. Indeed, relator does not posit any basis upon which Civ.R. 58(B) would apply to Case No. CR-167654, which is a criminal case. Additionally, relator's remedy for the clerk's purported failure to comply with Civ.R. 58(B) would have been to assert the timeliness of his appeal in light of the clerk's failure to serve him as required under Civ.R. 58(B).
Id. at 2-3.
Likewise, respondent in this action contends that relator had an adequate remedy by way of an appeal. Relator prosecuted an appeal and this court dismissed Case No. 76681. As we held inDaniels, supra, the appellate process was relator's remedy. This original action is not, therefore, the appropriate proceeding for reviewing the issue of timeliness of relator's appeal.
Similarly, in State ex rel. Aziz v. Calabrese (Aug. 26, 1999), Cuyahoga App. No. 76556, unreported, relator requested that this court compel the court of common pleas to vacate and reenter judgment.
 We also note that relator has commenced an appeal from the denial of his motion to vacate void sentence, etc. State v. Aziz, Case No. 76681. This court, in the exercise of its appellate jurisdiction, will be able to determine whether relator is able to prosecute his appeal from the denial of his motion to vacate void sentence, etc. Relief in mandamus would, therefore, be inappropriate.
Id. at 3.
Respondent also argues that this court should dismiss this action because relator has not complied with the filing requirements for prisoners set forth in R.C. 2969.21 through2969.27.
 Relator has also failed to file an affidavit describing each civil action or appeal of a civil action he had filed in the previous five years in any state or federal court as required by R.C. 2969.25. Noncompliance with this requirement also warrants dismissal. State ex rel. Zanders v. Ohio Parole Board (1998), 82 Ohio St.3d 421, 696 N.E.2d 594; State ex rel. Alford v. Winters
(1997), 80 Ohio St.3d 285, 685 N.E.2d 1242.
State ex rel. Shead v. Morgan (Oct. 22, 1998), Cuyahoga App. No. 75122, unreported, at 2-3. Likewise, in this action, relator's failure to comply with R.C. 2969.25 is a sufficient basis for denying relator relief in mandamus.
Accordingly, respondent's motion to dismiss or, in the alternative, for summary judgment is granted. Relator to pay costs. Writ denied.
TERRENCE O'DONNELL, J., CONCURS.
______________________________ ANN DYKE, ADMINISTRATIVE JUDGE