OPINION
Plaintiff John L. Wright appeals a judgment of the Court of Common Pleas of Richland County, Ohio, which dismissed his complaint for failure to comply with inmate-litigant filing requirements contained in R.C.2969.25. The pro se appellant assigns two errors to the trial court:
ASSIGNMENTS OF ERROR
 ASSIGNMENT OF ERROR ONE
 DID THE TRIAL JUDGE, COMMIT ERROR AND PREJUDICIAL MISCONDUCT, BY FAILING AND REFUSING TO COMPLY WITH THE STATE AND FEDERAL STATUTORY AUTHORITIES, INCLUDING IN ALL THE CASE LAW (COURT DECISIONS) CONTAINED WITHIN AND THROUGHOUT MY COMPLAINT!? YES, ACCORDING TO THE SUPREME LAW OF THE LAND IN THIS COUNTRY, SPECIFICALLY THE 5TH, 8TH, AND 14TH AMENDMENTS OF THE UNITED STATES CONSTIUTION [SIC].
 ASSIGNMENT OF ERROR TWO
 WAS THE TRIAL JUDGE IN THIS MATTER, BIAS AND COMMIT PREJUDICIAL FAILING AND REFUSING TO GRANT AND PROVIDE ME A REMEDY (PUNITIVE AND COMPENSATORY DAMAGES), FROM THE DEFENDANTS, NAMED IN THE COMPLAINT!? YES, ACCORDING TO THE PROVISIONS SET OUYT [SIC] BY THE SUPREME LAW OF THE LAND IN THIS COUNTRY, SPECIFICALLY THE 5TH 8TH, AND 14TH AMENDMENTS OF THE UNITED STATES CONSTITUTION.
The record indicates appellant is an inmate incarcerated at Richland Correctional Institution. On June 12, 2000, appellant filed the within action against numerous defendants, all apparently employees or officials of the Ohio Department of Rehabilitation and Corrections. Appellant's complaint alleged appellees are wrongfully incarcerating them; appellees have withheld his mail and various other documents; and appellees have deprived appellant of access to his commissary account and forced them into involuntary servitude.
Appellees moved to dismiss the complaint for failure to state a claim upon which relief may be granted pursuant to Civ. R. 12 (b)(6). The court sustained the motion to dismiss, finding appellant had failed to comply with R.C. 2969.21, et seq. Appellant appeals the court's ruling.
R.C. 2969.21 et seq. outlines the requirements a prison inmate must follow to file a civil action against a governmental entity or an employee. Specifically, the inmate must pay filing fees or face dismissal for want of prosecution, except that the inmate may seek a waiver of the filing fees by filing an affidavit of waiver and an affidavit of indigency. The inmate must include a statement certified by the institutional cashier stating the balance of the inmate's account for each of the proceeding six months, and a statement that sets forth cash and other things of value the inmate currently owns. See R.C. 2969.25.
The inmate must file with the complaint an affidavit detailing all the lawsuits the inmate has filed in the previous five years. The affidavit must contain the case number and court, parties to the action, a description of the suit, and a statement of the outcome of the suit.Id.
The trial court found appellant did file a combined affidavit on June 12, 2000, but did not complete the portions of the affidavit dealing with finances, nor did he provide the court with a certified statement of the balance in his institutional account. The court further found appellant did not complete the portion of the affidavit dealing with prior civil actions and claims subject to the institutional grievance procedure. The trial court cited State ex rel. Alford v. Winters (1997),80 Ohio St.3d 285, as authority for its dismissal of appellant's complaint.
As the State points out, we review an appeal from a Civ. R. 12 (B)(6) motion under a de novo standard of review, Greely v. Miami ValleyMaintenance, Inc. (1990), 49 Ohio St.3d 228. We must accept all factual allegations of appellant's complaint as true, and construe all allegations in favor of the non-moving party, see e.g., Byrd v. Faber
(1991), 57 Ohio St.3d 56.
We have reviewed the record on appeal, and we find the trial court correctly found appellant has failed to comply with the procedural requirements of the Revised Code. Accordingly, the court was correct in dismissing the complaint.
Each of appellant's assignments of error are overruled.
For the foregoing reasons, the judgment of the Court of Common Pleas, of Richland County, Ohio, is affirmed.
 JUDGMENT ENTRY
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Court of Common Pleas of Richland County, Ohio, is affirmed. Costs to appellant.
 ______________________________ By Gwin, J.,
Edwards, P.J., and Boggins, J., concur.