JOURNAL ENTRY AND OPINION
On March 29, 2001, the relator, Lewis Johnson, commenced this mandamus action against the State of Ohio to compel the trial court in his underlying criminal case, State of Ohio v. Lewis Johnson, Cuyahoga County Common Pleas Court Case No. CR-375015 to state in a journal entry the actual number of days of jail time credit to which he is due.[1] On April 19, 2001, the Cuyahoga County Prosecutor, on behalf of the State, moved to dismiss for deficiencies in the petition. Mr. Johnson never filed a response. For the following reasons, this court grants the motion to dismiss.
Mr. Johnson did not properly caption his petition. He captioned the case Lewis Johnson v. State of Ohio.R.C. 2731.04 requires that an application for a writ of mandamus must be by petition, in the name of the state on the relation of the person applying. This failure to properly caption a mandamus action is sufficient grounds for denying the writ and dismissing the petition. Maloney v. Court of Common Pleas of Allen County (1962), 173 Ohio St. 226, 181 N.E.2d 270. Additionally, Mr. Johnson did not name the proper respondent and did not include the addresses as required by Civ.R. 10(A). This creates confusion as to who the actual respondent is. It is also sufficient reason to dismiss a writ claim. State ex rel. Sherrills v. State of Ohio (2001), 91 Ohio St.3d 133,742 N.E.2d 651; State ex rel. Kevin Ashberry v. Parma Municipal Court (Oct. 12, 2000), Cuyahoga App. No. 78426, unreported.
Mr. Johnson also failed to comply with R.C. 2969.25, which requires an affidavit that describes each civil action or appeal filed by the relator within the previous five years in any state or federal court. The relator's failure to comply with R.C. 2969.25 warrants dismissal of the complaint for a writ of mandamus. State ex rel. Zanders v. Ohio Parole Board (1998), 82 Ohio St.3d 421, 696 N.E.2d 594; State ex rel. Alford v. Winters (1997), 80 Ohio St.3d 285, 685 N.E.2d 1242.
Thus, this court grants the dispositive motion and dismisses this case without prejudice. Costs assessed against relator. The clerk is directed to serve upon the parties notice of this judgment and its date of entry upon the journal. Civ.R. 58(B).
 ________________________ JAMES J. SWEENEY, JUDGE:
KENNETH A. ROCCO, P.J., and COLLEEN CONWAY COONEY, J., CONCUR.
[1] A review of the docket in the underlying case reveals that the trial judge did not state the actual number of days, but instead directed the sheriff to calculate time and notify the adult parole authority. This court has held that such an order does not discharge the judge's duty. State ex rel. Jeffrey Montgomery v. Judge Peggy Foley Jones (Nov. 25, 1998), Cuyahoga App. No. 75161, unreported; State ex rel. Vincente Sanchez v. Cuyahoga County Common Pleas Court (May 22, 1997), Cuyahoga App. No. 72085, unreported; State ex rel. Peter Thuranszky v. Gerald McFaul (Aug. 12, 1996), Cuyahoga App. No. 70487, unreported. However, the many deficiencies in Mr. Johnson's petition prevent the court from addressing the merits.