JOURNAL ENTRY and OPINION
On January 12, 2001, the relator, Dennis Mack, commenced this public records mandamus action pursuant to R.C. 149.43 against the respondent, Gerald Fuerst, Clerk of Courts for Cuyahoga County, to compel the disclosure of the following records relating to his underlying criminal cases, State of Ohio v. Dennis Mack, Cuyahoga County Common Pleas Court Case Nos. CR-287007 and 289701: (1) the booking statement, (2) the plea agreement, (3) all discovery materials, (4) police reports, (5) statements made by co-defendants, (6) witness statements, (7) voir dire transcripts, (8) notice of alibi, (9) all docket and journal entries, and (10) all hospital, ballistics, and forensics reports. Mack alleges that the clerk's office refused his designee access to these records. He maintains that he needs these records to pursue postconviction remedies.
On February 13, 2001, the clerk moved for summary judgment. He argues that Mack did not adequately show that the clerk breached his duty to make records available or that Mack's right to inspect and copy public records was denied. The clerk submits that Mack's supporting affidavit was fatally defective. Because Mack is incarcerated, the statements concerning his designee's efforts to obtain records and what records were actually sought are not based on personal knowledge and are, thus, not competent evidence. The clerk further argues that the files for the underlying case are on microfiche, and what is on microfiche is and will be available to Mack or his designee. That material usually consists of the docket, the journal entries, the transcripts and exhibits, if any. However, police reports, statements by co-defendants, booking statements, witness statements, plea agreements, and hospital, ballistics and forensics reports are usually not filed, and, thus, not kept by the clerk. This court gave Mack until April 16, 2001, to respond to the motion for summary judgment. Mack never filed a brief in opposition.[1]
Mack's failure to respond leaves the evidence submitted by the clerk unrebutted and persuasive. Indeed, the failure to respond is sufficient grounds for dismissal. State ex rel. White v. Enright (1992),65 Ohio St.3d 481, 605 N.E.2d 44; State ex rel. Mancini v. Bureau of Motor Vehicles (1994), 69 Ohio St.3d 486, 633 N.E.2d 1126; State ex rel. Eglin v. Watzek (1961), 172 Ohio St. 199, 174 N.E.2d 261; and State ex rel. Crow v. Baynes (1962), 173 Ohio St. 311, 181 N.E.2d 804. Mack's supporting affidavit is insufficient because it is not based on personal knowledge. Evid.R. 602.
Additionally, Mack has failed to comply with R.C. 2969.25, which requires an affidavit that describes each civil action or appeal filed by the relator within the previous five years in any state or federal court. The relator's failure to comply with R.C. 2969.25 warrants dismissal of the complaint for a writ of mandamus. State ex rel. Zanders v. Ohio Parole Board (1998), 82 Ohio St.3d 421, 696 N.E.2d 594 and State ex rel. Alford v. Winters (1997), 80 Ohio St.3d 285, 685 N.E.2d 1242. Mack's poverty affidavit is also deficient under R.C. 2969.25(C)(1) because it does not contain a statement setting forth the balance in the inmate's prison account for each of the preceding six months, as certified by the institutional cashier.
Finally, pursuant to R.C. 149.43(B)(4), a custodian of public records is not required to permit a person who is incarcerated pursuant to a criminal conviction to inspect or obtain copies of any public record concerning a criminal investigation or prosecution unless the trial judge finds that the information sought is necessary to support what appears to be a justifiable claim. Many, if not all, of the records sought by Mack come within the scope of this provision. He gives no indication that he even tried to comply with this provision of the public records act. Thus, to the extent that the records he seeks come within the provisions of R.C. 149.43(B)(4), his failure to obtain the necessary approval means that he has no clear, legal right to obtain access to those records.
Accordingly, this court grants the respondent's motion for summary judgment and denies Mack's application for a writ of mandamus. Costs assessed against relator. The clerk is directed to serve upon the parties notice of this judgment and its date of entry upon the journal. Civ.R. 58(B).
 _____________________________ COLLEEN CONWAY COONEY, JUDGE:
DIANE KARPINSKI, A.J., CONCURS, KENNETH A. ROCCO, J., CONCURS
[1] Mack did file a motion for admissions on March 20, 2001, requesting the admissions of the evidence enclosed with this cause, to support his petition for relief. However, that was not a brief in opposition, nor did it establish a need for an in camera inspection.