DECISION AND JUDGMENT ENTRY
{¶ 1} This matter is before the court on the petition of pro se relator, Terrance James Davis, for a writ of mandamus to compel respondents, the Lucas County Prosecutor's Office and Lucas County Assistant Prosecuting Attorney Andrew Lastra, to produce for inspection and copying exculpatory evidence and/or a subsequent investigative police report that was material to the guilt of relator and favorable to his defense in the case of State v. Davis, Lucas County Common Pleas case No. CR-01-1723.
 {¶ 2} Given the following defects in relator's petition, we hereby dismiss the petition sua sponte.
 {¶ 3} R.C. 2731.04 provides in part: "Application for the writ of mandamus must be by petition, in the name of the state on the relation of the person applying, and verified by affidavit." The petition presented to this court is not in the name of the state on the relation of Davis. This deficiency alone is an adequate reason to deny the petition.Maloney v. Court of Common Pleas of Allen Cty. (1962), 173 Ohio St. 226,227; McGrath v. Judge Eileen Gallagher, 8th Dist. No. 81241,2002 Ohio 3643, at ¶ 4; Crenshaw v. Lucas Cty. Bd. of Elections
(Sept. 30, 1996), Lucas App. No. L-96-285.
 {¶ 4} In addition, relator has failed to comply with R.C.2969.25. That statute reads in relevant part:
 {¶ 5} "(A) At the time that an inmate commences a civil action or appeal against a government entity or employee, the inmate shall file with the court an affidavit that contains a description of each civil action or appeal of a civil action that the inmate has filed in the previous five years in any state of federal court. The affidavit shall include all of the following for each of those civil actions or appeals:
 {¶ 6} "(1) A brief description of the nature of the civil action or appeal;
 {¶ 7} "(2) The case name, case number, and the court in which the civil action or appeal was brought;
 {¶ 8} "(3) The name of each party to the civil action or appeal;
 {¶ 9} "(4) The outcome of the civil action or appeal, including whether the court dismissed the civil action or appeal as frivolous or malicious under state of federal law or rule of court, whether the court made an award against the inmate or the inmate's counsel of record for frivolous conduct under section 2323.51 of the Revised Code, another statute, or a rule of court, and, if the court so dismissed the action or appeal or made an award of that nature, the date of the final order affirming the dismissal or award."
 {¶ 10} An inmate's failure to comply with the "mandatory requirements" of R.C. 2969.25 warrants an appellate court's dismissal of a mandamus action. State ex re. Alford v. Winters (1997),80 Ohio St.3d 285
 {¶ 11} Finally, relator has failed to comply with 6th Dist.Loc.App.R. 7(A), which provides: "No complaint in an original action * * * may be accepted for filing in this court unless the party bringing the action shall have first deposited with the clerk of the sum of $100.00 as security for the payment of the costs that may accrue in the action. * * * Provided, however, that if the party bringing the action or the party seeking the attendance of witnesses makes and files with the clerk his sworn affidavit of inability to secure costs by such prepayment, the clerk shall, as appropriate, receive and file the complaint and subpoena the witnesses without such deposits. In the eventthe affidavit is filed by an inmate of a state institution it shall beaccompanied, as an exhibit thereto, by a certificate of thesuperintendent or other appropriate officer of the institution settingforth the amount of funds, if any, which the inmate has on deposit withthe institution available to the inmate to secure costs. If the certificate demonstrates that the inmate has sufficient funds available to him to secure costs the clerk shall not file the complaint until the costs are thus secured." (Emphasis added.) Although relator, an inmate of a state institution, has attached to his petition an affidavit of indigency, he has not attached a certificate of the appropriate officer of that institution setting forth the amount of funds, if any, which relator has on deposit with the institution available to relator to secure costs.
 {¶ 12} In light of the above deficiencies, we hereby dismiss relator's petition for a writ of mandamus at relator's costs. It is so ordered.
PETITION DISMISSED.
Peter M. Handwork, J., James R. Sherck, J., and Mark L. Pietrykowski,P.J., CONCUR.