DECISION
{¶ 1} Relator, Malek B. Aliane, commenced this original action requesting that this court issue a writ of mandamus compelling respondent, Richard S. Sheward, Judge, Court of Common Pleas, to investigate the circumstances surrounding his bail bond to give due credit for jail time served, and to reimburse relator for the bond.
{¶ 2} Pursuant to Civ.R. 53(C) and Loc.R. 12(M), this matter was referred to a magistrate who issued a decision, including findings of fact and conclusions of law. (Attached as Appendix A.) In his decision, the magistrate determined that respondent's motion to dismiss, filed April 12, 2002, should be granted on the grounds that relator failed to comply with R.C. 2969.25.
{¶ 3} No objections have been filed to the magistrate's decision.
{¶ 4} Finding no error of law or other defect on the face of the magistrate's decision, we adopt the magistrate's decision as our own, including the findings of fact and conclusions of law contained in it. In accordance with the magistrate's decision, we grant respondent's motion to dismiss.
Case dismissed.
BOWMAN and BRYANT, JJ., concur.
GLASSER, J., retired of the Sixth Appellate District, assigned by active duty under authority of Section 6(C), Article IV, Ohio Constitution.
 APPENDIX A IN MANDAMUS
{¶ 5} In this original action, relator, Malek B. Aliane, requests that a writ of mandamus issue against respondent Richard S. Sheward, Judge, Court of Common Pleas.
Findings of Fact:
{¶ 6} 1. On March 11, 2002, relator, an inmate of the Southeastern Correctional Institution at Lancaster, Ohio, filed this original action.
{¶ 7} 2. In this action, on March 29, 2002, relator filed an affidavit of indigency indicating that he is incarcerated as an inmate at the Southeast Correctional Institution, Lancaster, Ohio.
{¶ 8} 3. On April 3, 2002, respondent filed a motion to dismiss. In respondent's memorandum in support, respondent asserts that relator has failed to file the affidavit required by R.C. 2969.25(A).
{¶ 9} 4. On April 12, 2002, relator filed a "memorandum contra." However, relator does not address his failure to file the affidavit required by R.C. 2969.25(A).
{¶ 10} 5. On April 12, 2002, relator filed a document captioned "Affidavit." This document, dated March 8, 2002, purports to authorize the institution of incarceration to forward sums from relator's institutional account to the Clerk of Courts to cover the filing fee.
{¶ 11} 6. Relator has failed to file the affidavit required by R.C. 2969.25(A).
{¶ 12} 7. The matter of respondent's motion to dismiss is now before the magistrate for his determination.
Conclusions of Law:
{¶ 13} It is the magistrate's decision that this court grant respondent's motion to dismiss.
{¶ 14} R.C. 2969.25(A) requires an inmate to file, at the time he commences a civil action against a government entity or employee, an affidavit listing each civil action or appeal that he has filed in the past five years, providing specific information regarding each action or appeal. Relator has failed to file an affidavit listing the civil actions or appeals that he has filed within the past five years.
{¶ 15} Compliance with the provisions of R.C. 2969.25 is mandatory and failure to satisfy the statutory requirements is grounds for dismissal of the action. State ex rel. Washington v. Ohio Adult Parole Auth. (1999), 87 Ohio St.3d 258; State ex rel. Zanders v. Ohio Parole Bd. (1998), 82 Ohio St.3d 421; State ex rel. Alford v. Winters (1997),80 Ohio St.3d 285.
{¶ 16} Relator's failure to comply with the mandatory requirements of R.C. 2969.25 is grounds for dismissal of the instant mandamus action.
{¶ 17} Accordingly, it is the magistrate's decision that this court grant respondent's motion to dismiss.