DECISION
{¶ 1} Relator, Malek B. Aliane, has filed an original action in mandamus requesting this court to issue a writ of mandamus to order respondent, Richard S. Sheward, Judge of the Franklin County Court of Common Pleas, to rule on various motions which are presently pending before him.
{¶ 2} This court referred the matter to a magistrate, pursuant to Civ.R. 53(C) and Section (M), Loc.R. 12 of the Tenth District Court of Appeals, who rendered a decision including findings of fact and conclusions of law. (Attached as Appendix A.) The magistrate decided this action should be dismissed because relator has failed to comply with the mandatory provisions of R.C. 2969.25. No objections have been filed to the magistrate's decision.
{¶ 3} Upon a review of the magistrate's decision and an independent review of the record, this court finds there is no error of law or other defect on the face of the magistrate's decision and adopts it as its own, and the action is dismissed.
Action dismissed.
TYACK, P.J., and KLATT, J., concur.
 APPENDIX A IN MANDAMUS ON SUA SPONTE DISMISSAL
{¶ 4} In this original action, relator, Malek B. Aliane, requests a writ of mandamus issue against respondent, Richard S. Sheward, Judge, Court of Common Pleas.
{¶ 5} Findings of Fact:
{¶ 6} On April 29, 2002, relator, an inmate of the Southeastern Correctional Institution in Lancaster, Ohio, filed this original action. On that date, he filed an affidavit of indigency executed April 24, 2002. However, relator has failed to file a statement as provided by R.C. 2969.25(C)(1) that sets forth the balance in his inmate account for each of the preceding six months, as certified by the institutional cashier.
{¶ 7} On April 29, 2002, relator filed an affidavit stating that he "has never had a civil action dismissed for it being frivolous, malicious, fail to state a claim."
{¶ 8} Conclusions of Law:
{¶ 9} It is the magistrate's decision that this court sua sponte dismiss this action on grounds that relator has failed to comply with the mandatory requirements set forth at R.C. 2969.25(A) and (C).
{¶ 10} R.C. 2969.25(A) requires an inmate to file, at the time he commences a civil action against a government entity or employee, an affidavit listing each civil action or appeal that he has filed in the past five years, providing specific information regarding each action or appeal. R.C. 2969.25(A) states in part:
{¶ 11} "* * * The affidavit shall include all of the following for each of those civil actions or appeals:
{¶ 12} "(1) A brief description of the nature of the civil action or appeal;
{¶ 13} "(2) The case name, case number, and the court in which the civil action or appeal was brought;
{¶ 14} "(3) The name of each party to the civil action or appeal;
{¶ 15} "(4) The outcome of the civil action or appeal * * *."
{¶ 16} It is obvious that relator's affidavit, filed April 29, 2002, fails to satisfy the mandatory requirements of R.C. 2969.25(A). For example, relator fails to provide a brief description of the civil action, fails to provide the case number of the action, and fails to name the court in which the action was filed.
{¶ 17} Under R.C. 2969.25(C), an inmate who seeks waiver of prepayment of the filing fees in a civil action brought against a government entity or employee, must file an affidavit that includes: (1) a statement of the amount in his inmate account for the preceding six months, as certified by the institutional cashier; and (2) a statement of all other cash and things of value owned by the inmate.
{¶ 18} As previously noted, relator did not file a statement certified by the institutional cashier.
{¶ 19} Compliance with the provisions of R.C. 2969.25
is mandatory and failure to satisfy the statutory requirements is grounds for dismissal of the action. State ex rel. Washington v. Ohio Adult Parole Auth. (1999), 87 Ohio St.3d 258; State ex rel. Zanders v. Ohio Parole Bd. (1998), 82 Ohio St.3d 421; State ex rel. Alford v. Winters (1997), 80 Ohio St.3d 285.
{¶ 20} Relator's failure to comply with the mandatory requirements of R.C. 2969.25(A) and (C) is grounds for dismissal of the instant mandamus action.
{¶ 21} Accordingly, it is the magistrate's decision that this court sua sponte dismiss this action.