OPINION AND JOURNAL ENTRY
[¶ 1] Inmate-relator Nawaz Ahmed filed a complaint seeking issuance of a writ of mandamus against respondent Randy Marple, the Belmont County Clerk of Courts. Respondent's motion to dismiss the complaint is hereby sustained, and this action is dismissed.
[¶ 2] As noted by respondent, relator has failed to comply with various mandatory filing requirements of R.C. 2969.25. First, relator failed to file, "at the time" he commenced the action, an affidavit of prior civil actions. R.C. 2969.25(A) (Emphasis added). The filing of this affidavit is mandatory, and the failure to properly file the affidavit allows dismissal of the action. State ex rel. Zanders v. Ohio Parole Bd.
(1998), 82 Ohio St.3d 421; State ex rel. Alford v. Winters (1997),80 Ohio St.3d 285. Contrary to relator's suggestion, the clerk does not have to duty to advise him of these requirements. See Id.
[¶ 3] Strict compliance with R.C. 2969.25 is required and leeway is not granted to pro se inmates. Harman v. Wellington (Dec. 20, 2001), 7th Dist. No. 00CA248. See, also, plain language of R.C. 2969.25 speaking of the "inmate's" duty. The failure to file this affidavit of past civil actions is not cured by a later submission. Richards v. Tate (Jan. 29, 2002), 7th Dist. No. 01BA51; State ex rel. Harris v. Johnson (Nov. 29, 2000), 7th Dist. No. 00CA142. Thus, relator's late submission, filed after respondent's motion to dismiss, is noncompliant.
[¶ 4] Regardless, the late submission would not be sufficient in its contents. R.C. 2969.25(A)(1) through (4) require: a brief description of the nature of the civil action or appeal: the case name, number, and court, the name of each party; the outcome, including any finding of frivolity or malice. Here, the case number, name and parties are missing from the sixth listing in the late affidavit. Additionally, he fails to list the parties and the nature of the case as to the previously filed federal action.
[¶ 5] Furthermore, as respondent points out, appellant failed to comply with R.C. 2969.25(C), which requires an affidavit of indigency to be filed in order to have prepayment of full filing fees waived. This affidavit must set forth the balance in the inmate's account for each of the past six months, certified by the institutional cashier, and must set forth all other cases and things of value owned by the inmate. This requirement is mandatory for proper filing of the action in cases where filing fees are not prepaid. Alford, 80 Ohio St.3d 285; Harman, 7th Dist. No. 00CA248; State ex rel. Jones v. Vivo (June 27, 2001), 7th Dist. No. 00CA273. Here, filing fees were not prepaid.
[¶ 6] For all of the foregoing reasons, relator's complaint in mandamus is dismissed. Final order. Costs taxed against relator. Clerk to serve notice of this final judgment on the parties as required by the Civil Rules.
Donofrio, Waite, JJ., and Vukovich, P.J., concur.