DECISION
{¶ 1} Relator, Dwayne Harris, has filed an original action in mandamus requesting this court to issue a writ of mandamus to order respondent, Jennifer Brunner, Judge of the Franklin County Court of Common Pleas, to rule on certain discovery requests. In response, respondent has filed a motion to dismiss.
 {¶ 2} This court referred the matter to a magistrate, pursuant to Civ.R. 53(C) and Section (M), Loc.R. 12 of the Tenth District Court of Appeals, who rendered a decision including findings of fact and conclusions of law. (Attached as Appendix A.) The magistrate decided this action should be dismissed because relator has failed to meet the mandatory requirements of R.C. 2969.25. No objections have been filed to the magistrate's decision.
 {¶ 3} Upon a review of the magistrate's decision and an independent review of the record, this court finds there is no error of law or other defect on the face of the magistrate's decision and adopts it as its own. The requested writ of mandamus is denied.
Writ of mandamus denied.
TYACK, P.J., and KLATT, J., concur.
 APPENDIX A IN MANDAMUS ON MOTION TO DISMISS {¶ 4} Relator, Dwayne Harris, has filed this original action requesting that this court issue a writ of mandamus ordering respondent, Judge Jennifer Brunner of the Franklin County Court of Common Pleas, to rule on certain discovery requests made by relator in an action pending before the trial court. Respondent has filed a motion to dismiss.
Findings of Fact:
 {¶ 5} Relator is an inmate currently incarcerated at the Southern Ohio Correctional Facility.
 {¶ 6} On July 15, 2002, relator filed the instant mandamus action in this court requesting that this court order respondent to rule on certain discovery requests made in an action pending before the trial court.
 {¶ 7} On August 19, 2002, respondent filed a motion to dismiss on the grounds that relator had failed to comply with the mandatory requirements of R.C. 2969.25(A) and (C).
 {¶ 8} On August 26, 2002, relator filed a memorandum in opposition to respondent's motion to dismiss.
 {¶ 9} The matter is now before this magistrate on respondent's motion to dismiss.
Conclusions of Law:
 {¶ 10} For the reasons that follow, it is this magistrate's decision that this court should grant the motion to dismiss.
 {¶ 11} Respondent's motion to dismiss is based on relator's failure to comply with the mandatory requirements of R.C. 2969.25(A) and (C). R.C. 2969.25(A) provides that, at the time an inmate commences a civil action against a government entity or employee, the inmate shall file with the court an affidavit containing a description of each civil action or appeal of a civil action that the inmate has filed in the previous five years in any state or federal court. R.C. 2969.25(C) provides that, at the time an inmate commences a civil action against a government entity or employee seeking a waiver of the prepayment of the full filing fees, the inmate shall file an affidavit seeking a waiver of the prepayment of the court's full filing fees and an affidavit of indigency. The affidavit of waiver and the affidavit of indigency must contain a statement setting forth the balance in the inmate's account for each of the preceding six months, as certified by the institutional cashier as well as a statement setting forth all other cash and things of value owned by the inmate at that time. Failure to comply with the requirements of R.C. 2969.25 constitutes grounds for dismissal. See State ex rel. Zanders v. Ohio Parole Bd. (1998), 82 Ohio St.3d 421, and State ex rel. Alford v. Winters (1997), 80 Ohio St.3d 285.
 {¶ 12} A review of the record reveals that relator has failed to comply with both R.C. 2969.25(A) and (C). Attached to relator's petition for a writ of mandamus is a form purporting to list the actions relator has filed in the past five years; however, that form is not properly signed by a notary public and as such does not meet the requirements of the revised code. Furthermore, although relator has signed a self-written form indicating that he is without funds to pay the costs of this proceeding, the form has not been notarized nor has relator attached a statement setting forth the balance in his account as certified by the institutional cashier. Because relator has failed to meet the requirements of R.C. 2969.25, respondent's motion to dismiss should be granted and relator's action should be dismissed.