DECISION
{¶ 1} Relator, Frederick E. Johnson, has filed this original action asking this court to issue a writ of mandamus against respondent Southern Ohio Correctional Facility.
 {¶ 2} This court referred the matter to a magistrate, pursuant to Civ.R. 53(C) and Loc.R. 12(M) of the Tenth District Court of Appeals, who issued a decision including findings of fact and conclusions of law. (Attached as Appendix A.) The magistrate determined that this court should sua sponte dismiss this action based upon relator's failure to comply with the requirements of R.C. 2969.25(A). Compliance with the provisions of that statute have been held to be mandatory and failure to satisfy the statutory requirements has been held to be grounds for dismissal of the action. State ex rel. Washington v. Ohio Adult Parole Auth. (1999), 87 Ohio St.3d 258.
 {¶ 3} No objections have been filed to the decision of the magistrate.
 {¶ 4} Finding no error or other defect on the face of the decision of the magistrate pursuant to Civ.R. 53, we adopt the decision of the magistrate as our own, including the findings of fact and conclusions of law contained in it. In accordance with the decision of the magistrate, this action is dismissed.
Action dismissed.
BOWMAN and BRYANT, JJ., concur.
 IN MANDAMUS ON SUA SPONTE DISMISSAL {¶ 5} In this original action, relator, Frederick E. Johnson, an inmate of the Southern Ohio Correctional Facility ("SOCF"), requests that a writ of mandamus issue against respondent SOCF.
Findings of Fact:
 {¶ 6} 1. On September 19, 2002, relator, Frederick E. Johnson, an inmate of SOCF, filed this original action seeking a writ of mandamus against respondent SOCF.
 {¶ 7} 2. Relator has not paid this court's filing fee.
 {¶ 8} 3. On October 16, 2002, this court, by journal entry, informed relator that this action would be sua sponte dismissed unless the filing fee and a motion for leave to make late payment is filed by October 30, 2002.
 {¶ 9} 4. On October 23, 2002, relator filed a motion for leave to proceed in forma pauperis and for leave to make late payment of the filing fee. On the final page of his motion, relator purports to depose that his statements are true; however, there is no affidavit filed in support of his motion.
 {¶ 10} 5. Relator has not filed a certified statement from the institutional cashier regarding his inmate account.
 {¶ 11} 6. Relator has not filed an affidavit listing each civil action or appeal that he has filed in the past five years, providing specific information regarding each action or appeal.
 {¶ 12} 7. Respondent SOCF has not filed an answer or responsive motion to the complaint.
Conclusions of Law:
 {¶ 13} It is the magistrate's decision that this court sua sponte dismiss this action.
 {¶ 14} Under R.C. 2969.25(C), an inmate who seeks waiver of prepayment of the filing fees in a civil action brought against a government entity or employee, must file an affidavit that includes: (1) a statement of the amount in his inmate account for the preceding six months, as certified by the institutional cashier; and (2) a statement of all other cash and things of value owned by the inmate.
 {¶ 15} Here, as previously noted, relator's motion for leave to proceed in forma pauperis is not supported by an affidavit and a statement from the institutional cashier. Accordingly, relator has failed to comply with R.C. 2969.25(C).
 {¶ 16} R.C. 2969.25(A) requires an inmate to file, at the time he commences a civil action against a government entity or employee, an affidavit listing each civil action or appeal that he has filed in the past five years, providing specific information regarding each action or appeal. Relator has failed to file an affidavit listing the civil actions or appeals that he has filed within the past five years.
 {¶ 17} Compliance with the provisions of R.C. 2969.25 is mandatory and failure to satisfy the statutory requirements is grounds for dismissal of the action. State ex rel. Washington v. Ohio Adult Parole Auth. (1999), 87 Ohio St.3d 258; State ex rel. Zanders v. Ohio Parole Bd. (1998), 82 Ohio St.3d 421; State ex rel. Alford v. Winters (1997),80 Ohio St.3d 285.
 {¶ 18} Relator's failure to comply with the mandatory requirements of R.C. 2969.25 is grounds for dismissal of the instant mandamus action.
 {¶ 19} Accordingly, it is the magistrate's decision that this court sua sponte dismiss this action.