DECISION AND JUDGMENT ENTRY
{¶ 1} This matter comes before the court sua sponte. Pro se relator Timothy Brown filed a "Verified Application" for a writ of mandamus to compel Respondent Judge Harry A. Sargeant to rule on his motion to vacate or set aside sentence. Given the following defects in relator's petition, we hereby dismiss the petition sua sponte.
 {¶ 2} R.C. 2731.04 provides in part: "Application for the writ of mandamus must be by petition, in the name of the state on the relation of the person applying, and verified by affidavit." The petition presented to this court is not in the name of the state on the relation of Brown. This deficiency alone is an adequate reason to deny the petition. Maloneyv. Court of Common Pleas of Allen Cty. (1962), 173 Ohio St. 226, 227;McGrath v. Judge Eileen Gallagher, 8th Dist. No. 81241, 2002-Ohio-3643, at ¶ 4; Crenshaw v. Lucas Cty. Bd. of Elections (Sept. 30, 1996), Lucas App. No. L-96-285.
 {¶ 3} In addition, relator has failed to comply with R.C.2969.25. That statute reads in relevant part:
 {¶ 4} "(A) At the time that an inmate commences a civil action or appeal against a government entity or employee, the inmate shall file with the court an affidavit that contains a description of each civil action or appeal of a civil action that the inmate has filed in the previous five years in any state or federal court. The affidavit shall include all of the following for each of those civil actions or appeals:
 {¶ 5} "(1) A brief description of the nature of the civil action or appeal;
 {¶ 6} "(2) The case name, case number, and the court in which the civil action or appeal was brought;
 {¶ 7} "(3) The name of each party to the civil action or appeal;
 {¶ 8} "(4) The outcome of the civil action or appeal, including whether the court dismissed the civil action or appeal as frivolous or malicious under state or federal law or rule of court, whether the court made an award against the inmate or the inmate's counsel of record for frivolous conduct under section 2323.51 of the Revised Code, another statute, or a rule of court, and, if the court so dismissed the action or appeal or made an award of that nature, the date of the final order affirming the dismissal or award."
 {¶ 9} An inmate's failure to comply with the "mandatory requirements" of R.C. 2969.25 warrants an appellate court's dismissal of a mandamus action. State ex. rel. Akbar-El v. Cuyahoga Cty. Court ofCommon Pleas (2002), 94 Ohio St.3d 210, 2002-Ohio-475; State ex rel.Alford v. Winters (1997), 80 Ohio St.3d 285, 286.
 {¶ 10} In light of the above deficiencies, we hereby dismiss relator's petition for a writ of mandamus at relator's costs. It is so ordered.
WRIT DISMISSED.
Richard W. Knepper, J., Mark L. Pietrykowski, J., and Judith AnnLanzinger, J., CONCUR.