OPINION and JOURNAL ENTRY
{¶ 1} Pro-se Petition for Writ of Mandamus was filed on May 30, 2003, seeking an order to compel Respondent, a judge of the Jefferson County Common Pleas Court, to remove a sexual predator label which had been placed on Relator on May 2, 2000.
 {¶ 2} Relator was indicted in July, 1985, on two counts of rape against children under the age of thirteen. Both counts contained force specifications, increasing the possible sentence to life imprisonment. In exchange for a guilty plea to one count, the State deleted the force specification and dismissed the remaining count. Relator was sentenced to ten to twenty-five years in prison. Relator appeared before the trial court on April 26, 2000 for a sexual predator hearing. By clear and convincing evidence Relator was adjudged a sexual predator. His appeal from that determination was affirmed by this Court in Appeals case No. 00-JE-22, cited as State v. Reed, 7th Dist. 2001-Ohio-3271. As noted in that opinion, Relator did not argue that the sexual predator finding was incorrect. Rather, he argued error in allowing the Jefferson County Prosecuting Attorney to testify, Relator's counsel's failure to cross-examine the State's witnesses and the allowance of an insinuation that sexual acts were committed against more than one victim.
 {¶ 3} In affirming the judgment of the trial court, this Court held "the court was presented with other sufficient evidence to label appellant a sexual predator." Id at page 7.
 {¶ 4} On June 19, 2003, Respondent filed a Motion to Dismiss this petition for writ of mandamus. Respondent argues that Relator fails to state a single legal ground upon which he bases a clear legal right to the relief requested. Respondent references not only the appeal identified above, but also the fact that Relator had four other previous appeals result in an affirmance of the trial court judgment and three separate appeals which were dismissed.
 {¶ 5} On June 26, 2003, Relator filed a memorandum in opposition to the motion to dismiss. On September 3, 2003, Relator filed a submission of "New Evidence To Show Why He Can Not Obtain Any Fair Ruling or Justice in Jefferson County." By such filing he reiterates an allegation of the prejudice, misconduct and wrongdoing of the judicial officers in Jefferson County.
 {¶ 6} For the reasons that follow the Petition for Writ of Mandamus is dismissed.
 {¶ 7} In order to establish the right to a writ of mandamus a relator must demonstrate: (1) a clear legal right to the relief prayed for; (2) that the respondent is under a clear legal duty to perform the requested act; and (3) that the relator has no plain and adequate remedy in the ordinary course of the law. State ex rel. Karmasu v. Tate (1992),83 Ohio App.3d 199. A failure to show any of the requisite factors will cause the petition to be denied. Id.
 {¶ 8} As stated above, the Relator pursued the legal remedy of direct appeal to challenge his being adjudged a sexual predator. He cannot now achieve through extraordinary means that which he could not achieve through an available legal remedy. Furthermore, Relator has no right to the relief he seeks. To the contrary, his being labeled a sexual predator was accomplished in accordance with law and the trial court did not err, as this court previously determined. Relator has failed to establish any of the elements for entitlement to a writ of mandamus.
 {¶ 9} We also note that Relator has failed to file the affidavit required by R.C. 2969.25, listing all civil actions or appeals filed in the preceding five years. Failure to file the affidavit is cause for dismissal. State ex rel. Alford v. Winters (1997), 80 Ohio St.3d 285;State ex rel. Zanders v. Ohio Parole Bd. (1998), 82 Ohio St.3d 421.
 {¶ 10} Petition dismissed. Costs taxed against Petitioner. Final order. Clerk to serve notice as provided by the civil rules.
Waite, P.J., Donofrio and DeGenaro, JJ., concur.