DECISION
{¶ 1} Relator, Tony L. Nelms, Sr. ("relator"), an inmate of the Ross Correctional Institution ("RCI") at the time of filing this action, commenced this original action requesting this court to issue a writ of mandamus ordering respondent, Franklin County Court of Common Pleas, through an unnamed judge on the Franklin County Court of Common Pleas, to rule on a motion filed by relator on February 8, 2008, in which relator sought to terminate post-release control placed upon him. The Honorable John Bender ("Judge Bender"), a judge on the Franklin County Court of Common Pleas, has filed a motion to dismiss. *Page 2 
 {¶ 2} Pursuant to Civ. R. 53 and Loc. R. 12(M) of the Tenth Appellate District, this matter was referred to a magistrate who considered the action on its merits and issued a decision, including findings of fact and conclusions of law. (Attached as Appendix A.) The magistrate found that on April 15, 2008, the date of filing the instant action, relator was an inmate at RCI and was required to comply with the statutory mandates of R.C. 2969.25. The magistrate further determined that relator failed to file a statement of the balance in his inmate account for the preceding six months, as certified by the institutional cashier, as required by R.C. 2969.25(C). Finally, the magistrate determined that relator also failed to comply with the statutory requirement that he file an affidavit that listed the civil actions or appeals filed by him within the last five years. The magistrate recommended that the court grant Judge Bender's motion to dismiss based on relator's failure to satisfy the mandatory statutory requirements of R.C. 2969.25.
 {¶ 3} No objections have been filed to the magistrate's decision.
 {¶ 4} Finding no error of law in the magistrate's decision, we modify finding of fact No. 4 to reflect R.C. 2969.25(A) as the statutory section requiring the filing of an affidavit listing the civil actions or appeals filed by an applicant, and adopt, as modified, the magistrate's decision as our own, including the findings of fact and conclusions of law therein. In accordance with the magistrate's decision, the motion to dismiss is granted and this action is dismissed.
Motion to dismiss granted; action dismissed. McGRATH, P.J., and TYACK, J., concur. *Page 3 
 APPENDIX A MAGISTRATE`S DECISION IN MANDAMUS ON RESPONDENT'S MOTION TO DISMISS {¶ 5} In this original action, relator, Tony L. Nelms, Sr., an inmate of the Ross Correctional Institution ("RCI") at the time of filing of this action, requests a writ of mandamus ordering respondent, the Honorable John Bender ("Judge Bender"), a Judge of the Franklin County Court of Common Pleas, to rule on a motion relator allegedly filed on February 8, 2008. *Page 4 
Findings of Fact: {¶ 6} 1. On April 15, 2008, relator filed this original action. In his complaint, relator states that on February 8, 2008, he filed a motion to terminate post-release control. Relator seeks a writ of mandamus ordering a judge to rule on his motion, although no judge or court is actually named as a respondent on the complaint.
 {¶ 7} 2. On April 15, 2008, relator was an RCI inmate.
 {¶ 8} 3. With his complaint, relator filed an affidavit of indigency. However, relator has not filed, pursuant to R.C. 2969.25(C), a statement of the amount in his inmate account for the preceding six months, as certified by the institutional cashier.
 {¶ 9} 4. Relator has also failed to file, pursuant to R.C. 2969.25(C), an affidavit listing the civil actions or appeals that he has filed within the last five years.
 {¶ 10} 5. Although the complaint fails to name him as a respondent, on May 5, 2008, Judge Bender moved to dismiss this action.
 {¶ 11} 6. On May 9, 2008, relator filed his written response to respondent's motion to dismiss.
 {¶ 12} 7. On May 16, 2008, relator filed a notice of his change of address. Relator states that he is no longer an RCI inmate.Conclusions of Law:
 {¶ 13} It is the magistrate's decision that this court grant respondent's motion to dismiss.
 {¶ 14} Under R.C. 2969.25(C), an inmate who seeks waiver of prepayment of the filing fees in a civil action brought against a government entity or employee, must file an affidavit that includes: (1) a statement of the amount in his inmate account for the *Page 5 
preceding six months, as certified by the institutional cashier; and (2) a statement of all other cash and things of value owned by the inmate.
 {¶ 15} R.C. 2969.25(A) requires an inmate to file, at the time he commences a civil action against a government entity or employee, an affidavit listing each civil action or appeal that he has filed in the past five years, providing specific information regarding each action or appeal.
 {¶ 16} Compliance with the provisions of R.C. 2969.25 is mandatory and failure to satisfy the statutory requirements is grounds for dismissal of the action. State ex rel. Washington v. Ohio Adult Parole Auth.
(1999), 87 Ohio St.3d 258; State ex rel. Zanders v. Ohio Parole Bd.
(1998), 82 Ohio St.3d 421; State ex rel. Alford v. Winters (1997),80 Ohio St.3d 285.
 {¶ 17} Relator's failure to comply with the mandatory requirements of R.C. 2969.25 is grounds for dismissal of the instant mandamus action.
 {¶ 18} Accordingly, it is the magistrate's decision that this court grant respondent's motion to dismiss. *Page 1