DECISION
{¶ 1} Carlos Mayes filed this action in mandamus, seeking to compel Franklin County Common Pleas Court Judge Patrick Sheeran to rule on a petition Mayes had filed previously.
 {¶ 2} In accord with Loc. R. 12, the case was referred to a magistrate of this court to conduct appropriate proceedings. Counsel for Judge Sheeran filed a motion to dismiss *Page 2 
this case. The magistrate issued a magistrate's decision which includes a recommendation that we sustain the motion to dismiss. (Attached as Appendix A.)
 {¶ 3} No party has filed objections to the magistrate's decision. The case is now before the court for review.
 {¶ 4} Carlos Mayes has failed to comply with R.C. 2969.25 which requires that an inmate provide proof of his inability to pay filing fees if he seeks to file a court action without paying the fees. Mayes has failed to pay filing fees and has failed to provide proof of his inability to pay required by R.C. 2969.25.
 {¶ 5} We adopt the findings of fact and conclusions of law contained in the magistrate's decision. We, therefore, dismiss this case.
Case dismissed.
 McGRATH, P.J., and SADLER, J., concur. *Page 3 
 APPENDIX A MAGISTRATE'S DECISION Rendered September 8, 2008 IN MANDAMUS ON RESPONDENT'S MOTION TO DISMISS {¶ 6} In this original action, relator, Carols Mayes, an inmate of the Southern Ohio Correctional Facility ("SOCF") requests a writ of mandamus ordering respondent, the Honorable Patrick E. Sheeran ("Judge Sheeran"), to rule on a petition relator filed on February 20, 2008. *Page 4 
Findings of Fact: {¶ 7} 1. On June 19, 2008, relator, an SOCF inmate, filed this original action against Judge Sheeran.
 {¶ 8} 2. With the complaint, relator filed a document captioned "Affidavit of Indigency," which requests that this court waive the filing fee.
 {¶ 9} 3. With the complaint, relator filed a document purporting to be an affidavit. The document states that relator has not filed "any type of civil action within the last five years."
 {¶ 10} 4. On July 17, 2008, respondent filed a motion to dismiss. In support, respondent attached a certified copy of a decision and entry ruling on a petition filed by relator on February 20, 2008.
 {¶ 11} 5. In his memorandum in support, respondent also asserts that relator has failed to comply with R.C. 2969.25(A) and (C).
 {¶ 12} 6. Relator has not responded to the motion to dismiss.
Conclusions of Law:
 {¶ 13} It is the magistrate's decision that this court grant respondent's motion to dismiss, as more fully explained below.
 {¶ 14} Under R.C. 2969.25(C), an inmate who seeks waiver of prepayment of the filing fees in a civil action brought against a government entity or employee, must file an affidavit that includes: (1) a statement of the amount in his inmate account for the preceding six months, as certified by the institutional cashier; and (2) a statement of all other cash and things of value owned by the inmate. *Page 5 
 {¶ 15} Relator has failed to submit the statement of the amount in his inmate account for the preceding six months, as certified by the institutional cashier.
 {¶ 16} Compliance with the provisions of R.C. 2969.25 is mandatory and failure to satisfy the statutory requirements is grounds for dismissal of the action. State ex rel. Washington v. Ohio Adult Parole Auth.
(1999), 87 Ohio St.3d 258; State ex rel. Zanders v. Ohio Parole Bd.
(1998), 82 Ohio St.3d 421; State ex rel. Alford v. Winters (1997),80 Ohio St.3d 285.
 {¶ 17} Relator's failure to comply with the mandatory requirements of R.C. 2969.25 is grounds for dismissal of the instant mandamus action.
 {¶ 18} Accordingly, it is the magistrate's decision that this court grant respondent's motion to dismiss. *Page 1