[Cite as *State ex rel. Harwell v. Ohio Adult Parole Auth.*, 2015-Ohio-4960.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State of Ohio ex rel. Raymond Harwell, | : | |
| Relator, | : | |
| v. | : | No. 15AP-117 |
| Ohio Adult Parole Authority, | : | (REGULAR CALENDAR) |
| Respondent. | : | |

---

D E C I S I O N

Rendered on December 1, 2015

---

*Raymond Harwell*, pro se.

*Michael DeWine*, Attorney General, and *Caitlyn A. Nestleroth*, for respondent.

---

IN MANDAMUS
ON RESPONDENT'S MOTION TO DISMISS

HORTON, J.

{¶ 1} Relator, Raymond Harwell ("Harwell"), an inmate at the Richland Correctional Institution, has filed a complaint in mandamus against respondent, the Ohio Adult Parole Authority ("APA"), requesting that this court issue a writ ordering the APA to recalculate the expiration date of his sentence. The APA has filed a motion to dismiss for failure to comply with R.C. 2969.25(C), and for filing an R.C. 2969.25(A) affidavit that is materially false.

{¶ 2} Pursuant to Civ.R. 53 and Loc. R. 13(M) of the Tenth Appellate District, this matter was referred to a magistrate who issued a decision, including findings of fact and conclusions of law, which is appended hereto. The magistrate recommended that this court dismiss Harwell's complaint due to Harwell's failure to comply with the

requirements in R.C. 2969.25(A) and (C). Specifically, the magistrate determined that Harwell failed to include a description of *State ex rel. Raymond Harwell v. Ohio Adult Parole Auth.*, 10th Dist. No. 14AP-590, which was filed on July 25, 2014, and was pending when Harwell filed this action. Additionally, the magistrate concluded that Harwell's failure to meet the mandatory filing requirements set forth in R.C. 2969.25(C) requires dismissal of this action. *Fuqua v. Williams*, 100 Ohio St.3d 211, 2003-Ohio-5533. Therefore, the magistrate has recommended that we grant the APA's motion to dismiss.

{¶ 3}   No objections have been filed to the magistrate's decision.

{¶ 4}   Finding no error of law or other defect on the face of the magistrate's decision, we adopt the decision as our own, including the findings of fact and conclusions of law contained therein. In accordance with the magistrate's decision, we grant the APA's motion to dismiss.

*Motion to dismiss granted;*
*writ denied.*

TYACK and KLATT, JJ., concur.

————————————

# A P P E N D I X

## IN THE COURT OF APPEALS OF OHIO

## TENTH APPELLATE DISTRICT

State of Ohio ex rel. Raymond Harwell,    :

       Relator,    :

v.    :    No. 15AP-117

Ohio Adult Parole Authority,    :    (REGULAR CALENDAR)

       Respondent.    :

---

## M A G I S T R A T E ' S   D E C I S I O N

### Rendered on May 5, 2015

---

*Raymond Harwell*, pro se.

*Michael DeWine*, Attorney General, and *Caitlyn A. Nestleroth*, for respondent.

---

### ON RESPONDENT'S MOTION TO DISMISS

{¶ 5}   Relator, Raymond Harwell, has filed this original action requesting that this court issue a writ of mandamus ordering respondent, Ohio Adult Parole Authority, to re-calculate the expiration date of his sentence.

Findings of Fact:

{¶ 6}   1.   Relator is an inmate currently incarcerated at Richland Correctional Institution.

{¶ 7}   2.   On February 18, 2015, relator filed this mandamus action asking this court to order respondent to re-calculate his sentence to reflect an expiration date of May 10, 2015 instead of September 11, 2018.

{¶ 8}   3.   At the time he filed his mandamus action, relator filed an affidavit of indigency and attached a certified copy of the balance in his inmate account for the months including July 1, 2014 through January 16, 2015.

{¶ 9}   4.   Relator also attached a prior actions affidavit asserting that, in the past five years, he had not filed any previous civil actions or criminal appeals.

{¶ 10}   5.   On March 18, 2015, respondent filed a motion to dismiss on grounds that relator's complaint failed to comply with the mandatory filing requirements of R.C. 2969.25(A) and (C).   Specifically, respondent asserts that relator's prior actions affidavit is materially false, requiring dismissal of this action because relator has a mandamus action currently pending in this court.   In that case, a magistrate's decision has been rendered and is awaiting disposition from the court.   *See State of Ohio ex rel. Raymond Harwell v. Ohio Adult Parole Auth.*, 10th Dist. No. 14AP-590 (Sept. 30, 2014).

{¶ 11} Further, respondent asserts that, although relator's certified cashier's statement does span six months, it does not include each of the six preceding six months. Since his mandamus action was filed February 18, 2015, his cashier's statement should have included January 16 through February 18, 2015.   As noted in the findings of fact, the cashier's statement included the months July 1, 2004 through January 16, 2015.   Because he did not include the month immediately preceding the file date and failed to include a statement of all other cash and things of value, relator did not meet the mandatory requirements of the statute.

{¶ 12}   6.   Relator has not filed a response to respondent's motion to dismiss.

{¶ 13}   7.   The matter is currently before the magistrate on respondent's motion to dismiss.

Conclusions of Law:

{¶ 14} For the reasons that follow, it is the magistrate's decision that this court should grant respondent's motion to dismiss.

{¶ 15} R.C. 2969.25(A) requires an inmate to file, at the time he commences a civil action against a governmental entity or employee, an affidavit listing each civil action or appeal of a civil action that he has filed in the past five years, providing specific information regarding each civil action or appeal.   In the present action, relator has omitted the mandamus action which he filed in this court.   As such, his averment that he

has not filed any civil actions in the past five years is false and, as such, relator has failed to comply with R.C. 2969.25(A).

{¶ 16} In regard to filing fees, under R.C. 2969.25(C), an inmate who seeks waiver of prepayment on the grounds of indigency must file an affidavit that includes: (1) a statement of the amount in his inmate account for each of the preceding six months as certified by the institutional cashier, and (2) a statement of all other cash and things of value owned by the inmate. In the present case, relator failed to include the balance in his inmate account for the month preceding the filing of this action. Further, the magistrate notes that relator's affidavit fails to include a statement of all other cash and things of value owned by relator. As such, relator has failed to comply with the mandatory requirements of R.C. 2969.25(C).

{¶ 17} Compliance with the provisions of R.C. 2969.25 is mandatory and the failure to satisfy the statutory requirements constitutes grounds for dismissal of the action. *State ex rel. Washington v. Adult Parole Auth.*, 87 Ohio St.3d 258 (1999); *State ex rel. Zanders v. Ohio Parole Bd.*, 82 Ohio St.3d 421 (1998); and *State ex rel. Alford v. Winters*, 80 Ohio St.3d 285 (1997).

{¶ 18} Accordingly, it is the magistrate's decision that this court grant respondent's motion to dismiss.

/S/ MAGISTRATE
STEPHANIE BISCA

**NOTICE TO THE PARTIES**

Civ.R. 53(D)(3)(a)(iii) provides that a party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion, whether or not specifically designated as a finding of fact or conclusion of law under Civ.R. 53(D)(3)(a)(ii), unless the party timely and specifically objects to that factual finding or legal conclusion as required by Civ.R. 53(D)(3)(b).