DECISION
{¶ 1} Relator, Gregory E. Salyers, has filed an original action in mandamus requesting this court to issue a writ of mandamus to order respondent, William A. Tanner, Warden of the Pickaway Correctional Institution, to correctly calculate his sentence. In response, respondent filed a motion for summary judgment.
 {¶ 2} This court referred the matter to a magistrate, pursuant to Civ.R. 53(C) and Section (M), Loc.R. 12 of the Tenth District Court of Appeals, who rendered a decision including findings of fact and conclusions of law. (Attached as Appendix A.) The magistrate decided the petition for a writ of mandamus should be denied because relator failed to comply with the mandatory requirements of R.C. 2969.25(A). In the alternative, the magistrate decided the motion for summary judgment should be granted because relator has a plain and adequate remedy in the ordinary course of law. No objections have been filed to the magistrate's decision.
 {¶ 3} Upon a review of the magistrate's decision and an independent review of the record, this court adopts the magistrate's decision as its own, as there is no error of law or other defect on the face of the magistrate's decision. Relator's request for a writ of mandamus is dismissed based on his failure to comply with the mandatory requirements of R.C. 2969.25(A).
Action dismissed.
KLATT and DESHLER, JJ., concur.
DESHLER, J., retired of the Tenth Appellate District, assigned to active duty under authority of Section 6(C), Article IV, Ohio Constitution
 APPENDIX A IN MANDAMUS ON RESPONDENT'S MOTION FOR SUMMARY JUDGMENT {¶ 4} Relator, Gregory E. Salyers, has filed this original action requesting that this court issue a writ of mandamus ordering respondent, William A. Tanner, Warden of the Pickaway Correctional Institution, to correctly calculate his sentence. Respondent has filed a motion for summary judgment.
 Findings of Fact: {¶ 5} 1. Relator is an inmate currently incarcerated in the Pickaway Correctional Institution.
 {¶ 6} 2. On February 6, 2003, relator filed a petition for writ of mandamus requesting that this court order respondent to properly calculate his sentence.
 {¶ 7} 3. On March 6, 2003, respondent filed a motion for summary judgment alleging that relator has a plain and adequate remedy at law via the inmate grievance procedure provided at Ohio Adm. Code Section5120-9-31(L). Respondent has attached to his motion the affidavit of Linda Coval, Assistant Chief Inspector for the Ohio Department of Rehabilitation and Correction ("ODRC") who states that relator has yet to avail himself of the inmate grievance procedure concerning his claim that ODRC employees have miscalculated the expiration date of his sentence. Respondent also notes that relator's sentence has been properly calculated and further notes that relator has failed to meet the mandatory filing requirements of R.C. 2969.25(A).
 {¶ 8} 4. Relator filed a "Motion in Opposition" wherein he continues to assert that respondent has not properly calculated his sentence and hence, has not properly calculated his date of release. Relator also filed an affidavit concerning his indigency status and a document entitled "Affidavit of Gregory E. Salyers Pursuant to R.C. §§ 2969.25 and 2969.25, O.R.C.," purporting to set forth his prior actions. However, relator failed to sign this document and, as such, it is not an affidavit. Furthermore, relator admits that he filed a grievance, but urges this court to act nevertheless because the grievance procedure will take too long.
 {¶ 9} 5. This matter is currently before the magistrate on respondent's motion for summary judgment.
 Conclusions of Law: {¶ 10} Because relator has failed to meet the mandatory filing requirements of R.C. 2969.25(A), this magistrate recommends that this court sua sponte dismiss his petition.
 {¶ 11} Pursuant to R.C. 2969.25(A), relator is required to file an affidavit disclosing and describing all prior civil actions or appeals which he has initiated during the past five years. The Ohio Supreme Court has held that the requirements of R.C. 2969.25 are mandatory and that failure to comply with them is grounds for dismissal. State ex rel. Washington v. Ohio Adult Parole Auth. (1999), 87 Ohio St.3d 258; State ex rel. Zanders v. Ohio Parole Bd. (1998), 82 Ohio St.3d 421; State ex rel. Alford v. Winters (1997), 80 Ohio St.3d 285.
 {¶ 12} Inasmuch as relator has failed to comply with the mandatory filing requirements of R.C. 2969.25(A), it is this magistrate's decision that this court sua sponte dismiss relator's mandamus action. Relator's unsigned and unnotarized document does not constitute an "affidavit." Furthermore, inasmuch as the affidavit of Ms. Coval is uncontroverted, it appears that relator did not meet the requirements for a writ of mandamus because he has an adequate remedy at law which he himself has admitted is available to him and which he admits he is waiting for a determination. As such, in that regard, respondent would be entitled to summary judgment as a matter of law.
 {¶ 13} Based on the foregoing, it is this magistrate's decision that this court should either grant respondent's motion for summary judgment, or sua sponte dismiss relator's complaint due to his failure to comply with the mandatory filing requirements of R.C. 2969.25(A), and because relator has a plain and adequate remedy in the ordinary course of the law.