DECISION
{¶ 1} Relator, John McCree, has filed an original action in prohibition requesting this court to issue a writ of prohibition against respondent, the Ohio Adult Parole Authority, apparently seeking to prevent respondent from imposing a period of post-conviction relief upon him once he is released from prison.
 {¶ 2} This court referred the matter to a magistrate, pursuant to Civ.R. 53(C) and Section (M), Loc.R. 12 of the Tenth District Court of Appeals, who rendered a decision including findings of fact and conclusions of law. (Attached as Appendix A.) The magistrate decided this matter should be dismissed for the reason that relator had failed to comply with the mandatory requirements of R.C. 2969.25(C). No objections have been filed to the magistrate's decision.
 {¶ 3} Upon a review of the magistrate's decision and an independent review of the record, this court finds no error of law or other defect upon the face of the magistrate's decision and adopts it as its own. Despite the assertions by relator in his memorandum in opposition to respondent's motion to dismiss filed September 22, 2003, a search of the record indicates relator did not file the cashier's certificate as to his prison account balance as required by R.C. 2969.25(C), and the magistrate properly decided the petition should be dismissed.State ex rel. Alford v. Winters (1997), 80 Ohio St.3d 285.
Petition for writ of prohibition dismissed.
 Klatt and McCormac, JJ., concur.
McCormac, J., retired of the Tenth Appellate District, assigned to active duty under authority of Section 6(C), Article IV, Ohio Constitution.
 APPENDIX A IN THE COURT OF APPEALS OF OHIO TENTH APPELLATE DISTRICT
State of Ohio ex rel. John McCree, : Relator, : v. : No. 03AP-802 Ohio Adult Parole Authority, : (REGULAR CALENDAR) Respondent. :
 MAGISTRATE'S DECISION Rendered on January 21, 2004 John McCree, pro se.
Jim Petro, Attorney General, and Philip A. King, for respondent.
 IN PROHIBITION ON RESPONDENT'S MOTION TO DISMISS AND RELATOR'S MOTION FOR SUMMARY JUDGMENT {¶ 4} In this original action, relator, John McCree, an inmate of the Mansfield Correctional Institution, requests that a writ of prohibition issue against respondent Ohio Adult Parole Authority.
Findings of Fact:
 {¶ 5} 1. On August 11, 2003, relator, an inmate of the Mansfield Correctional Institution, filed this original action against a government entity, naming the Ohio Adult Parole Authority as respondent.
 {¶ 6} 2. On August 11, 2003, relator filed a document captioned "petition for writ of prohibition" which is the complaint filed in this action.
 {¶ 7} 3. Also on August 11, 2003, relator filed a document captioned "memorandum of law in support of petition for writ of prohibition."
 {¶ 8} 4. Relator attached exhibits to both his complaint and his memorandum.
 {¶ 9} 5. Also on August 11, 2003, relator filed a motion for leave to proceed in forma pauperis. With his motion, relator attached two affidavits. The first affidavit is captioned "affidavit of indigency." The other affidavit is captioned "affidavit of prior civil actions." Both affidavits were executed by relator on July 31, 2003.
 {¶ 10} 6. On September 9, 2003, respondent filed a motion to dismiss. In respondent's memorandum in support of its motion, respondent correctly pointed out that relator had failed to file a statement of the amount in his inmate account for the preceding six months as certified by the institutional cashier. Respondent argued that dismissal of this action is appropriate on grounds that relator has failed to meet the filing requirements under R.C. 2969.25(C).
 {¶ 11} 7. On September 22, 2003, relator filed his "memorandum in opposition to respondent's motion to dismiss." In his memorandum, relator states:
The respondent alleges that Relator failed to comply with the mandatory requirements of R.C. § 2969.25 by failing to attach a cashier's certificate of his account balance to the in forma pauperis motion. While the cashier's certificate was not initially attached to the motion, Relator notes that he did forward the document to the clerk for filing, the document was, in fact received and filed, and was served upon Respondent's counsel within a week of the filing of the Complaint in this action. The [delay] was caused by the refusal of the institutional cashier to timely comply with Relator's request to complete and return the form to Relator, which is a widespread problem with the various institutional cashiers who are co-agents of the state with the defendants in actions to which R.C. §2969.25 applies. While this can often cause severe problems for prospective prisoner litigants, the fact is that the cashier's certificate is on file and has been properly served in this case and Relator is in full compliance with all of the requirements of R.C. § 2969.25. Therefore, the Respondent's first ground for dismissal is meritless.
 {¶ 12} 8. Notwithstanding relator's suggestion in his September 22, 2003 memorandum, relator has failed to file with this court a statement of the amount in his inmate account, as certified by the institutional cashier.
 {¶ 13} 9. On September 23, 2003, relator filed a motion for summary judgment. On October 3, 2003, respondent filed a document captioned "respondent's reply to relator's memorandum contra to respondent's motion to dismiss and respondent's memorandum contra to relator's motion for summary judgment."
 {¶ 14} 10. On October 15, 2003, relator filed a "reply to respondent's memorandum contra relator's motion for summary judgment."
Conclusions of Law:
 {¶ 15} It is the magistrate's decision that this court grant respondent's motion to dismiss on grounds that relator has failed to file in this action a statement of the amount in his inmate account as certified by the institutional cashier.
 {¶ 16} Under R.C. 2969.25(C), an inmate who seeks waiver of prepayment of the filing fees in a civil action brought against a government entity or employee, must file an affidavit that includes: (1) a statement of the amount in his inmate account for the preceding six months, as certified by the institutional cashier; and (2) a statement of all other cash and things of value owned by the inmate.
 {¶ 17} As previously noted, relator did not file a statement certified by the institutional cashier.
 {¶ 18} Compliance with the provisions of R.C. 2969.25 is mandatory and failure to satisfy the statutory requirements is grounds for dismissal of the action. State ex rel. Washington v.Ohio Adult Parole Auth. (1999), 87 Ohio St.3d 258; State exrel. Zanders v. Ohio Parole Bd. (1998), 82 Ohio St.3d 421;State ex rel. Alford v. Winters (1997), 80 Ohio St.3d 285.
 {¶ 19} Relator's failure to comply with the mandatory requirements of R.C. 2969.25(C) is grounds for dismissal of the instant action.
 {¶ 20} Accordingly, it is the magistrate's decision that respondent's September 9, 2003 motion to dismiss be granted and that this court dismiss this action. It is further the magistrate's decision that relator's September 23, 2003 motion for summary judgment be denied on grounds that it is moot.
 /s/ Kenneth W. Macke
KENNETH W. MACKE MAGISTRATE