DECISION
{¶ 1} Relator, Herman Pohlable, has filed an original action requesting this court to issue a writ of mandamus ordering respondents, the Ohio Department of Rehabilitation and Correction, and Reginald Wilkinson, to grant relator a parole hearing.
 {¶ 2} Respondents filed an answer and a Civ.R. 12(C) motion for judgment on the pleadings, arguing that relator failed to comply with the mandatory filing requirements set forth in R.C. 2969.25(A) and (C). In response, relator filed a document captioned "Petition to Amend Writ of Mandamus." Attached to his "Petition to Amend Writ of Mandamus," relator filed an affidavit he executed on September 3, 2004, in an apparent attempt to remedy the filing deficiencies noted in respondents' motion. Relator attached to his affidavit a two-page document captioned "Inmate Demand Statement," which purports to list transactions and the average balance in relator's institutional account from February 1, through August 28, 2004.
 {¶ 3} This court referred the matter to a magistrate, pursuant to Civ.R. 53(C) and Section (M), Loc.R. 12 of the Tenth District Court of Appeals, who rendered a decision including findings of fact and conclusions of law. (Attached as Appendix A.) The magistrate treated relator's "Petition to Amend Writ of Mandamus" as a Civ.R. 15(A) motion to amend and recommended that this court grant relator's motion. Nevertheless, upon consideration of the affidavit relator submitted with his motion to amend, the magistrate recommended that this court also grant respondents' motion for judgment on the pleadings based on relator's failure to comply with the mandatory filing requirements set forth in R.C. 2969.25(C). No party has filed objections to the magistrate's decision.
 {¶ 4} Neither relator's original affidavit of indigency, attached to his petition for writ of mandamus, nor relator's supplemental affidavit, attached to his motion to amend, includes a statement of the balance in his inmate account for each of the preceding six months, certified by the institutional cashier, as required by R.C. 2969.25(C)(1). Compliance with the provisions of R.C. 2969.25 is mandatory, and failure to satisfy the statutory requirements is grounds for dismissal of the action. State exrel. Washington v. Ohio Adult Parole Auth. (1999), 87 Ohio St.3d 258;State ex rel. Zanders v. Ohio Parole Bd. (1998), 82 Ohio St.3d 421; Stateex rel. Alford v. Winters (1997), 80 Ohio St.3d 285.
 {¶ 5} Upon review of the magistrate's decision and an independent review of the evidence, this court finds no error of law or other defect on the face of the magistrate's decision and adopts it as its own. Accordingly, this court dismisses relator's request for a writ of mandamus.
Action dismissed.
Bryant and McGrath, JJ., concur.
 APPENDIX A IN THE COURT OF APPEALS OF OHIO TENTH APPELLATE DISTRICT
State ex rel. Herman Pohlable, :
 [Relator], :
v. : No. 04AP-720
Department of Rehabilitation and : (REGULAR CALENDAR)
Correction and Reginald Wilkinson (DIR), :
 Respondent[s]. :
 MAGISTRATE'S DECISION Rendered on December 9, 2004 Herman Pohlable, pro se.
Jim Petro, Attorney General, and Scott M. Campbell, for respondents.
In Mandamus
 ON RESPONDENTS' MOTION FOR JUDGMENT ON THE PLEADINGS AND RELATOR'S MOTION FOR LEAVE TO AMEND THE COMPLAINT {¶ 6} In this original action, relator, Herman Pohlable, requests that a writ of mandamus issue against respondent the Ohio Department of Rehabilitation and Correction ("ODRC") and its director.
Findings of Fact:
 {¶ 7} 1. On July 16, 2004, relator, an inmate of the Lebanon Correctional Institution ("LCI") filed this mandamus action against a government entity.
 {¶ 8} 2. With his complaint, relator filed an affidavit of indigency which was executed and notarized on July 8, 2004.
 {¶ 9} 3. At the time he commenced his original action, relator failed to file the so-called prior actions affidavit required by R.C. 2969.25(A).
 {¶ 10} 4. On August 9, 2004, respondents filed an answer to the complaint.
 {¶ 11} 5. Also on August 9, 2004, respondents filed a Civ.R. 12(C) motion for judgment on the pleadings.
 {¶ 12} 6. On September 20, 2004, relator filed a document captioned "Petition to Amend Writ of Mandamus," which this magistrate shall construe as relator's Civ.R. 15(A) motion for leave to amend his complaint. With this document, relator submitted his affidavit executed September 3, 2004. The affidavit states in part:
[Two] That contrary to the Respondent's [sic] accusation I have not filed any litigation in the State or Federal Courts in the last five (5) years.
* * *
[Four] That I was unaware that I had to attach a copy of my institutional account showing my activities for the past six (6) months. (see attached copy).
 {¶ 13} 7. To his affidavit relator attached a two-page document captioned "Inmate Demand Statement." The document purports to list transactions and the average balance in relator's LCI institutional account from February 1 through August 18, 2004. However, the document is not certified by the institutional cashier.
 {¶ 14} 8. On September 21, 2004, respondents filed a "Memorandum in Opposition to Relator's Motion to Amend the Complaint."
 {¶ 15} 9. On October 12, 2004, relator filed a document captioned "Response to Respondent's [sic] Answer."
 {¶ 16} 10. This action is now before this magistrate on relator's September 20, 2004 motion for leave to amend his complaint and respondents' August 9, 2004 motion for judgment on the pleadings.
Conclusions of Law:
 {¶ 17} It is the magistrate's decision that this court grant relator's September 20, 2004 motion for leave to amend his complaint. It is further the magistrate's decision that this court grant respondents' Civ.R. 12(C) motion for judgment on the pleadings.
 {¶ 18} With respect to a motion for leave to amend the complaint, Civ.R. 15(A) provides that leave of court shall be freely given when justice so requires. Accordingly, it is the magistrate's decision that relator be granted leave to amend his complaint to meet or attempt to meet the inmate filing requirements set forth under R.C. 2969.25.
 {¶ 19} Under R.C. 2969.25(C), an inmate who seeks waiver of prepayment of the filing fees in a civil action brought against a government entity or employee must file an affidavit that includes: (1) a statement of the amount in his inmate account for the preceding six months, as certified by the institutional cashier; and (2) a statement of all other cash and things of value owned by the inmate.
 {¶ 20} As previously noted, relator did not file a statement certified by the institutional cashier.
 {¶ 21} Compliance with the provisions of R.C. 2969.25 is mandatory and failure to satisfy the statutory requirements is grounds for dismissal of the action. State ex rel. Washington v. Ohio Adult Parole Auth. (1999),87 Ohio St.3d 258; State ex rel. Zanders v. Ohio Parole Bd. (1998),82 Ohio St.3d 421; State ex rel. Alford v. Winters (1997),80 Ohio St.3d 285.
 {¶ 22} Relator's failure to comply with the mandatory requirements of R.C. 2969.25(C) is grounds for dismissal of the instant mandamus action.
 {¶ 23} Accordingly, it is the magistrate's decision that this court grant relator's September 20, 2004 motion for leave to amend his complaint. It is further the magistrate's decision that this court grant respondents' Civ.R. 12(C) motion for judgment on the pleadings on grounds that relator has failed to comply with the mandatory filing requirements set forth under R.C. 2969.25(C).