DECISION ON OBJECTION'S TO MAGISTRATE'S DECISION
{¶ 1} Relator, Andrew Ely ("relator"), has filed this original action asking this court to issue a writ of prohibition against respondent, Reginald Wilkinson ("respondent"), the Director of the Ohio Department of Rehabilitation and Correction.
 {¶ 2} This court referred the matter to a magistrate, pursuant to Civ.R. 53(C) and Loc.R. 12(M) of the Tenth District Court of Appeals, who issued a decision including findings of fact and conclusions of law. (Attached as Appendix A.) The magistrate determined that this court should grant respondent's motion to dismiss this action based upon relator's failure to comply with the requirements of R.C. 2969.25(A) and (C). Compliance with the provisions of those statutes has been held to be mandatory, and the failure to satisfy the statutory requirements has been held to be grounds for dismissal of the action. State ex rel. Pohlablev. Dept. of Rehabilitation and Correction, Franklin App. No. 04AP-720,2005-Ohio-3153; State of Ohio ex rel. McCree v. Ohio Adult ParoleAuthority, Franklin App. No. 03AP-802, 2004-Ohio-4860; State ex rel.Johnson v. Southern Ohio Correctional Facility, Franklin App. No. 02AP-1029, 2003-Ohio-1514; State ex rel. Washington v. Ohio Adult ParoleAuthority (1999), 87 Ohio St. 3d 258; State ex rel. Zanders v. OhioParole Board (1998), 82 Ohio St.3d 421; and State ex rel. Alford v.Winters (1997), 80 Ohio St.3d 285.
 {¶ 3} Relator filed objections and attempted to cure his filing deficiencies by attaching an affidavit, which was not notarized. According to relator, he was not required to have his affidavit notarized because "Civ.R. 5(D)(E)(a)(b)(c) states no rule for notarization of affidavits." (Objections to Magistrate's Decision, Affidavit, at ¶ 3.) While it is true that Civ.R. 5 does not address the requirements of an affidavit, R.C. 2319.02, however, does. That statute defines an affidavit as a "written declaration under oath, made without notice to the adverse party." In dismissing appeals under similar circumstances, the Ohio Supreme Court has stated that if a "relator's statement is not notarized, it does not meet the requirements of an affidavit of indigency and is therefore not sufficient for waiver of the docket fees * * *."Rudd v. Graham (1996), 74 Ohio St.3d 1506. See, also, State v. Cannon
(2000), 87 Ohio St.3d 1484; Williams v. Mansfield CorrectionalInstitution (Feb. 10, 2000), Franklin App. No. 99AP-1208; Strothers v.Sikora (Apr. 24, 1997), Cuyahoga App. No. 71174. Given that relator's purported affidavit in the present case is not notarized, we conclude, in accordance with the above-cited authorities, that it does not meet the requirements of R.C. 2319.02, and, therefore, does not cure relator's failure to comply with the mandatory filing requirements set forth in R.C. 2969.25(A) and (C).
 {¶ 4} Upon review of the magistrate's decision and an independent review of the evidence, this court finds no error of law or other defect on the face of the magistrate's decision and adopts it as its own. Accordingly, this court dismisses relator's request for a writ of prohibition.
Writ of prohibition denied.
Brown, P.J. and French, J., concur.
 APPENDIX A IN THE COURT OF APPEALS OF OHIO TENTH APPELLATE DISTRICT
[State ex rel. Andrew Ely, :
 Relator, :
v. : No. 05AP-322
Dr. Wilkinson and Ms. Mitchell, : (REGULAR CALENDAR)
 Respondents.] :
 MAGISTRATE'S DECISION Rendered on May 27, 2005 Andrew Ely, pro se.
Jim Petro, Attorney General, and Scott M. Campbell, for respondents.
 In Prohibition On Respondent'S Motion To Dismiss {¶ 5} In this original action, relator, Andrew Ely, an inmate of the North Central Correctional Institution ("NCCI"), requests that a writ of prohibition issue against respondent Reginald Wilkinson, the director of the Ohio Department of Rehabilitation and Correction.
Findings of Fact:
 {¶ 6} 1. On March 31, 2005, relator, an NCCI inmate, filed this original action against a government entity or employee.
 {¶ 7} 2. Relator has not paid the filing fees for the filing of an original action in this court.
 {¶ 8} 3. With his complaint, relator submitted a document containing the caption "Affidavit of Indigency and Pauper." However, the document is not notarized and is not an affidavit.
 {¶ 9} 4. Relator has not filed a statement of the amount in his inmate account for the preceeding six months as certified by the institutional cashier pursuant to R.C. 2969.25(C).
 {¶ 10} 5. Relator has not filed the affidavit required by R.C.2969.25(A) regarding any prior civil actions or appeals that he may have filed within the past five years.
 {¶ 11} 6. On April 19, 2005, respondent filed a motion to dismiss. In his memorandum in support of his motion to dismiss, respondent points out that relator's so-called affidavit of indigency is not in fact an affidavit. Respondent also points out relator's failure to submit the institutional cashier's statement and relator's failure to submit a prior actions affidavit.
 {¶ 12} 7. On May 10, 2005, relator filed a written response to the motion to dismiss. However, relator has not submitted any of the items that respondent points out that relator has failed to submit.
Conclusions of Law:
 {¶ 13} It is the magistrate's decision that this court grant respondent's motion to dismiss.
 {¶ 14} R.C. 2969.25(A) requires an inmate to file, at the time he commences a civil action against a government entity or employee, an affidavit listing each civil action or appeal that he has filed in the past five years, providing specific information regarding each action or appeal. R.C. 2969.25(A) states in part:
* * * The affidavit shall include all of the following for each of those civil actions or appeals:
(1) A brief description of the nature of the civil action or appeal;
(2) The case name, case number, and the court in which the civil action or appeal was brought;
(3) The name of each party to the civil action or appeal;
(4) The outcome of the civil action or appeal * * *.
 {¶ 15} Under R.C. 2969.25(C), an inmate who seeks waiver of prepayment of the filing fees in a civil action brought against a government entity or employee, must file an affidavit that includes: (1) a statement of the amount in his inmate account for the preceding six months, as certified by the institutional cashier; and (2) a statement of all other cash and things of value owned by the inmate.
 {¶ 16} Compliance with the provisions of R.C. 2969.25 is mandatory and failure to satisfy the statutory requirements is grounds for dismissal.State ex rel. Washington v. Ohio Adult Parole Auth. (1999),87 Ohio St.3d 258; State ex rel. Zanders v. Ohio Parole Bd. (1998),82 Ohio St.3d 421; State ex rel. Alford v. Winters (1997),80 Ohio St.3d 285.
 {¶ 17} Relator's failure to comply with the mandatory requirements of R.C. 2969.25(A) and (C) is grounds for dismissal of the instant action.
 {¶ 18} Accordingly, because relator has failed to meet the mandatory filing requirements set forth at R.C. 2969.25(A) and (C), it is the magistrate's decision that this court grant respondent's motion to dismiss.