DECISION
{¶ 1} Relator, Felipe Delgado, has filed this original action requesting that this court issue a writ of mandamus compelling the trial court to rule on his motion to dismiss his probation violation warrant due to a delay in bringing him back to Franklin County for a hearing on the violations.
 {¶ 2} This matter was referred to a magistrate of this court, pursuant to Civ.R. 53(C) and Loc.R. 12(M) of the Tenth District Court of Appeals. The magistrate issued a decision, including findings of fact and conclusions of law, and recommended that this court grant the motion to dismiss filed by respondent, State of Ohio, based upon: (1) relator's failure to comply with the statutory requirements set forth in R.C. 2969.25(A) and (C), and (2) relator's failure to prove any set of facts entitling him to relief. (Attached as Appendix A.) No objections have been filed to that decision.
 {¶ 3} As there have been no objections filed to the magistrate's decision, and it contains no error of law or other defect on its face, based upon an independent review of the evidence, this court adopts the magistrate's decision. Respondent's motion to dismiss relator's complaint for a writ of mandamus is granted.
Action dismissed.
 McGrath and Deshler, JJ., concur.
Deshler, J., retired of the Tenth Appellate District, assigned to active duty under authority of Section 6(C)[NAF1], Article IV, Ohio Constitution.
 APPENDIX A IN THE COURT OF APPEALS OF OHIO TENTH APPELLATE DISTRICT
[State ex rel. Felipe Delgado, : Relator, : v. : No. 04AP-1154 State of Ohio, : (REGULAR CALENDAR) Respondent.] :
 MAGISTRATE'S DECISION Rendered on December 15, 2004 Felipe Delgado, pro se.
Ron O'Brien, Prosecuting Attorney, and Scott J. Gaugler,
for respondent.
 IN MANDAMUS ON RESPONDENT'S MOTION TO DISMISS {¶ 4} Relator, Felipe Delgado, has filed this original action requesting that this court issue a writ of mandamus compelling the trial court to rule on his motion to dismiss his probation violation warrant due to a delay in bringing him back to Franklin County for a hearing on the violations. Respondent has filed a motion to dismiss.
Findings of Fact:
 {¶ 5} 1. Relator is a prisoner currently incarcerated in the North Coast Correctional Treatment Facility in Grafton, Ohio. His incarceration is a result of his conviction for possession of drugs and vandalism in the Clark County Court of Common Pleas.
 {¶ 6} 2. At the time that he was indicted for possession of marijuana in Clark County, relator had been serving three years community control supervision with the Franklin County Adult Probation Department. Relator's motion for judicial release had been granted. Thereafter, on November 1, 2001, relator was declared an absconder and a capias warrant was issued for his arrest.
 {¶ 7} 3. Relator filed the instant action requesting that this court compel the trial court to rule on his underlying motion to dismiss his probation violation warrant due to a delay in bringing him back to Franklin County from North Coast Correctional Institution for a hearing on the violations.
 {¶ 8} 4. Respondent has filed a motion to dismiss on the grounds that relator has failed to state a claim upon which relief can be granted and that relator has failed to comply with the statutory requirements set forth in R.C. 2969.25(A) and (C).
 {¶ 9} 5. Relator has not responded to respondent's motion to dismiss.
 {¶ 10} 6. The matter is currently before the magistrate for review.
Conclusions of Law:
 {¶ 11} For the reasons that follow, it is this magistrate's decision that this court should grant respondent's motion to dismiss.
 {¶ 12} Respondent's motion to dismiss is based, in part, on relator's failure to comply with the mandatory requirements of R.C. 2969.25(A) which provide that, at the time he commences a civil action against a governmental entity or employee, an affidavit listing each civil action or appeal of a civil action that he filed in the past five years, providing specific information regarding each civil action or appeal. A review of the record demonstrates that relator has not filed the required affidavit.
 {¶ 13} In regard to filing fees, R.C. 2969.25(C) and 2969.22
distinguish between paying the full amount of filing fees upon filing (referred to as "prepayment" of fees) and paying the fees pursuant to periodic deductions from the inmate's account maintained by the prison.[1] Under R.C. 2969.25(C), an inmate who seeks waiver of prepayment on the grounds of indigency must file an affidavit that includes: (1) a statement of the amount in his inmate account for the preceding six months as certified by the institutional cashier; and (2) a statement of all other cash and things of value owned by the inmate.
 {¶ 14} Compliance with the provisions of R.C. 2969.25 is mandatory and the failure to satisfy the statutory requirements is grounds for dismissal of the action. State ex rel. Washingtonv. Ohio Adult Parole Auth. (1999), 87 Ohio St.3d 258; State exrel. Zanders v. Ohio Parole Bd. (1998), 82 Ohio St.3d 421;State ex rel. Alford v. Winters (1997), 80 Ohio St.3d 285.
 {¶ 15} Lastly, respondent asserts that relator has set forth no facts entitling him to relief. This magistrate agrees. While a warrant was issued for his arrest due to alleged violations after he was granted judicial release, relator is not currently incarcerated based upon that warrant. Instead, relator is currently incarcerated as a result of convictions for completely unrelated charges. As such, relator cannot demonstrate that respondent is under a clear legal duty to perform the act requested. Accordingly, respondent's motion to dismiss is appropriate for this reason as well.
 {¶ 16} Based on the foregoing, the magistrate finds that relator has failed to meet the filing requirements of R.C.2969.25(A) and (C), and this court should grant respondent's motion to dismiss the complaint. Likewise, the magistrate finds that, upon a review of the record, relator can prove no set of facts entitling him to relief and respondent's motion to dismiss is appropriate for this reason as well. Accordingly, it is the magistrate's decision that this court should grant respondent's motion to dismiss.
 /s/ Stephanie Bisca Brooks
STEPHANIE BISCA BROOKS MAGISTRATE
[1] Under the statute, when the inmate has submitted the requisite affidavit of indigency, the clerk charges the inmate's account for funds in excess of ten dollars. Following that payment, all income in the inmate's account (excluding the ten dollars) is forwarded to the clerk each month until the fees are paid.