DECISION
{¶ 1} Randolph Williams, Jr., filed this action in mandamus seeking a writ to compel a public defender to provide him with copies of certain documents which were used in his criminal trial.
 {¶ 2} In accord with local rules, the case was referred to a magistrate to conduct appropriate proceedings. Counsel for the public defender named as respondent in this case filed a motion to dismiss the case pointing out that Mr. Williams has not complied *Page 2 
with R.C. 2969.25. R.C. 2969.25 requires an inmate such as Mr. Williams to file an affidavit listing each civil action or appeal of a civil action he or she has filed in the past few years.
 {¶ 3} Mr. Williams did not file a memorandum contra the motion to dismiss, but instead filed a motion asking for an extension of time in which to remedy a second portion of R.C. 2969.25 with which he has not complied.
 {¶ 4} The magistrate has filed a magistrate's decision which includes a recommendation that we dismiss the case. (Attached as Appendix A.) Mr. Williams has not filed objections to the magistrate's decision.
 {¶ 5} Under Civ.R. 53, if a magistrate's decision is filed and no timely objections are filed, the court can adopt the magistrate's decision unless some error of law or other defect is apparent on the face of the magistrate's decision. No such error or defect is apparent here.
 {¶ 6} We, therefore, adopt the findings of fact and conclusions of law contained in the magistrate's decision. As a result, we overrule Mr. Williams' motion for an extension of time and sustain the motion to dismiss. This case is, therefore, dismissed.
Motion to dismiss sustained, case dismissed.
 FRENCH and DESHLER, JJ., concur. DESHLER, J., retired of the Tenth Appellate District, assigned to active duty under the authority of Section 6(C), Article IV, Ohio Constitution. *Page 3 
 APPENDIX A MAGISTRATE'S DECISION Rendered on April 10, 2007 IN MANDAMUS ON MOTION TO DISMISS {¶ 7} Relator, Randolph Williams, Jr., has filed this original action requesting that this court issue a writ of mandamus ordering the Public Defender, Mitchell A. Williams, to provide him with copies of certain documents which were used during relator's trial. *Page 4 
Findings of Fact: {¶ 8} 1. Relator is an inmate currently incarcerated at the London Correctional Institution.
 {¶ 9} 2. In February 2007, relator filed a mandamus action requesting that this court order respondent to provide him with copies of all written and/or taped statements made by witnesses as well as copies of all evidence that was filed in his common pleas court action.
 {¶ 10} 3. On March 12, 2007, respondent filed a motion to dismiss.
 {¶ 11} 4. Relator has not filed a response to respondent's motion to dismiss. However, relator did file an untimely motion seeking a 30-day extension within which to file the required cashier's statement.
 {¶ 12} 5. The matter is currently before the magistrate on motions.
Conclusions of Law:
 {¶ 13} The magistrate recommends that the present action be dismissed. First, relator has not paid filing fees, nor has he fulfilled the requirements in R.C. 2969.25 for payment of fees from his inmate account in installments. In addition, relator has not complied with other requirements of R.C. 2969.25.
 {¶ 14} R.C. 2969.25(A) requires an inmate to file, at the time he commences a civil action against a governmental entity or employee, an affidavit listing each civil action or appeal of a civil action that he filed in the past five years, providing specific information regarding each civil action or appeal. In the present action, relator has not filed the required affidavit. *Page 5 
 {¶ 15} In regard to filing fees, R.C. 2969.25(C) and 2969.22
distinguish between paying the full amount of filing fees upon filing (referred to as "prepayment" of fees) and paying the fees pursuant to periodic deductions from the inmate's account maintained by the prison.[1] Under R.C. 2969.25(C), an inmate who seeks waiver of prepayment on the grounds of indigency must file an affidavit that includes: (1) a statement of the amount in his inmate account for the preceding six months as certified by the institutional cashier; and (2) a statement of all other cash and things of value owned by the inmate.
 {¶ 16} Compliance with the provisions of R.C. 2969.25 is mandatory and the failure to satisfy the statutory requirements is grounds for dismissal of the action. State ex rel. Washington v. Ohio Adult ParoleAuth. (1999), 87 Ohio St.3d 258; State ex rel. Zanders v. Ohio ParoleBd. (1998), 82 Ohio St.3d 421; State ex rel. Alford v. Winters (1997),80 Ohio St.3d 285.
 {¶ 17} In the present action, relator has not filed the required affidavit regarding his other civil actions, if any. Further, in his motion requesting an extension of time to respond, relator only asserts that he will file the required cashier's statement. Relator has not filed nor requested additional time to file the required affidavit regarding his prior civil actions. In addition, relator has not filed an affidavit of indigency that includes the required information and, thus, he cannot qualify for payment of fees in installments from his prison account. Although relator has requested a 30-day extension of time to file same, the magistrate specifically denies that motion as it is both untimely and unreasonably long. Further, this documentation is required to be filed at the time the *Page 6 
inmate commences the action. Although this court has granted extensions of time to file these documents in the past, such continuances are not required and a 30-day extension of time is unreasonable. Relator's motion for an extension of time to respond is denied.
 {¶ 18} The magistrate, accordingly, recommends that respondent's motion to dismiss be granted and that the court dismiss this action.
[1] Under the statute, when the inmate has submitted the requisite affidavit of indigency, the clerk charges the inmate's account for funds in excess of ten dollars. Following that payment, all income in the inmate's account (excluding the ten dollars) is forwarded to the clerk each month until the fees are paid. *Page 1