DECISION
 IN MANDAMUS ON OBJECTIONS TO THE MAGISTRATE'S DECISION {¶ 1} In this original action, relator, Joseph Kirk, who is confined at the Lucasville Correctional Institution, requests a writ of mandamus against respondent, Judge Richard Sheward ("Judge Sheward"), a judge in the Franklin County Court of Common Pleas, to order Judge Sheward to forward relator a copy of findings of fact and conclusions of law.
 {¶ 2} This matter was referred to a magistrate of this court pursuant to Civ. R. 53(D) and Loc. R. 12(M) of the Tenth District Court of Appeals. The magistrate examined the evidence and issued a decision (attached as Appendix A), including findings of fact *Page 2 
and conclusions of law. Therein, the magistrate concluded that relator has not complied with the requirements of R.C. 2969.25 and, therefore, the magistrate recommended that this court grant respondent's motion to dismiss this action.
 {¶ 3} Relator has filed objections to the magistrate's decision asserting that he has complied with the requirements of R.C. 2969.25. Specifically, relator asserts he has complied with R.C. 2969.25(A), in that he has filed an affidavit setting forth each civil action or appeal of a civil action that he has filed in the past five years. It appears relator's affidavit does in fact state that no such cases have been filed; thus, there has been compliance with R.C. 2969.25(A). To this extent, appellant's argument is well-taken.
 {¶ 4} Additionally, relator asserts that in accordance with R.C. 2969.25, he filed an affidavit of indigency and included a statement for the last six months of his inmate account certified by the institutional cashier as is attached to the back of "exhibit two." However, a review of the file reveals there simply is no such statement of account certified by the institutional cashier contained anywhere in the record. Thus, regardless of whether relator's affidavit satisfies R.C. 2969.25(A), relator has not complied with R.C. 2969.25(C). As set forth in the magistrate's decision, compliance with R.C. 2969.25 is mandatory, and the failure to satisfy the statutory requirements is grounds for dismissal of the action. State ex rel. Washington v. Ohio Adult ParoleAuth. (1999), 87 Ohio St.3d 258.
 {¶ 5} Upon an independent review of this matter, we overrule relator's objections to the magistrate's decision and adopt the magistrate's decision as our own, including the findings of fact and conclusions of law contained therein, with the exception of the *Page 3 
decision that states relator did not comply with R.C. 2969.25(A). In accordance with the magistrate's decision, we grant respondent's motion to dismiss.
Objections overruled; motion to dismiss granted.
 BRYANT and KLATT, JJ., concur. *Page 4 
 APPENDIX A MAGISTRATE'S DECISION Rendered June 19, 2008. IN MANDAMUS ON MOTION TO DISMISS {¶ 6} Relator, Joseph Kirk, has filed this original action requesting that this court issue a writ of mandamus ordering respondent, Franklin County Court of Common Pleas Judge Richard Sheward, to forward him a copy of findings of fact and conclusions of law.
Findings of Fact: *Page 5 {¶ 7} 1. Relator is an inmate currently incarcerated in the Lucasville Correctional Institution following a plea of guilty to three counts of aggravated robbery and two counts of the lesser included offenses to aggravated robbery in January 2003.
 {¶ 8} 2. In October 2007, relator filed a motion seeking to merge allied offenses for sentencing.
 {¶ 9} 3. It appears that this mandamus action seeks to compel respondent to forward him a copy of findings of fact and conclusions of law related to his October 2007 motion.
 {¶ 10} 4. On May 13, 2008, respondent filed a motion to dismiss on grounds that relator has not complied with R.C. 2969.25.
 {¶ 11} 5. Relator has not filed a memorandum contra.
 {¶ 12} 6. The matter is currently before the magistrate on respondent's motion to dismiss. Conclusions of Law:
 {¶ 13} The magistrate recommends that the present action be dismissed. First, relator has not paid filing fees, nor has he fulfilled the requirements in R.C. 2969.25 for payment of fees from his inmate account in installments. In addition, relator has not complied with other requirements of R.C. 2969.25.
 {¶ 14} R.C. 2969.25(A) requires an inmate to file, at the time he commences a civil action against a governmental entity or employee, an affidavit listing each civil action or appeal of a civil action that he filed in the past five years, providing specific information regarding each civil action or appeal. In the present action, relator has not filed the required affidavit. *Page 6 
 {¶ 15} In regard to filing fees, R.C. 2969.25(C) and 2969.22
distinguish between paying the full amount of filing fees upon filing (referred to as "prepayment" of fees) and paying the fees pursuant to periodic deductions from the inmate's account maintained by the prison.[1] Under R.C. 2969.25(C), an inmate who seeks waiver of prepayment on the grounds of indigency must file an affidavit that includes: (1) a statement of the amount in his inmate account for the preceding six months as certified by the institutional cashier; and (2) a statement of all other cash and things of value owned by the inmate.
 {¶ 16} Compliance with the provisions of R.C. 2969.25 is mandatory and the failure to satisfy the statutory requirements is grounds for dismissal of the action. State ex rel. Washington v. Ohio Adult ParoleAuth. (1999), 87 Ohio St.3d 258; State ex rel. Zanders v. Ohio ParoleBd. (1998), 82 Ohio St.3d 421; State ex rel. Alford v. Winters (1997),80 Ohio St.3d 285.
 {¶ 17} In the present action, relator has not filed the required affidavit regarding his other civil actions, if any. In addition, relator has not filed an affidavit of indigency that includes the required information and, thus, he cannot qualify for payment of fees in installments from his prison account. Therefore, dismissal of the complaint is warranted.
 {¶ 18} The magistrate, accordingly, recommends that the court dismiss this action.
[1] Under the statute, when the inmate has submitted the requisite affidavit of indigency, the clerk charges the inmate's account for funds in excess of ten dollars. Following that payment, all income in the inmate's account (excluding the ten dollars) is forwarded to the clerk each month until the fees are paid. *Page 1