[Cite as *State ex rel. Royster v. Ohio Adult Parole Auth.*, 2016-Ohio-953.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State ex rel. Jerome Royster, | : | |
| Relator, | : | |
| | : | No. 15AP-863 |
| v. | : | (REGULAR CALENDAR) |
| Ohio Adult Parole Authority, | : | |
| Respondent. | : | |

D E C I S I O N

Rendered on March 10, 2016

**On brief:** *Jerome Royster,* pro se.

**On brief:** *Michael DeWine*, Attorney General, and *Thomas C. Miller,* for respondent.

IN MANDAMUS

BROWN, J.

{¶ 1} Relator, Jerome Royster, an inmate at the Chillicothe Correctional Institution, has filed an original action requesting that this court issue a writ of mandamus ordering respondent, Ohio Adult Parole Authority, to provide him and "similarly situated inmates, a 'meaningful consideration for parole.' "

{¶ 2} Pursuant to Civ.R. 53(C) and Loc.R. 13(M) of the Tenth District Court of Appeals, this court referred the matter to a magistrate. On October 16, 2015, respondent filed a motion to dismiss, arguing that relator had failed to comply with the requirements of R.C. 2969.25(A) by failing to disclose each civil action he had filed in the last five years. On November 3, 2015, relator filed a memorandum in opposition to respondent's motion

to dismiss arguing that R.C. 2969.25 "is inapplicable to mandamus actions." Respondent filed a reply to relator's memorandum contra.

{¶ 3} On November 20, 2015, the magistrate issued the appended decision, including findings of facts and conclusions of law recommending that this court grant respondent's motion to dismiss on the basis that relator had failed to comply with the mandatory requirements of R.C. 2969.25(A) by not listing in his affidavit two federal cases he had filed in the past five years. No objections have been filed to that decision.

{¶ 4} Finding no error of law or other defect on the face of the magistrate's decision, this court adopts the magistrate's decision as our own, including the findings of fact and conclusions of law contained therein. In accordance with the magistrate's recommendation, we grant respondent's motion to dismiss.

*Motion to dismiss granted;*
*action dismissed.*

SADLER and LUPER SCHUSTER, JJ., concur.

_____

[Cite as *State ex rel. Royster v. Ohio Adult Parole Auth.*, 2016-Ohio-953.]

# APPENDIX

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State ex rel. Jerome Royster, | : | |
| Relator, | : | |
| v. | : | No. 15AP-863 |
| The Ohio Adult Parole Authority et al., | : | (REGULAR CALENDAR) |
| Respondent. | : | |

M A G I S T R A T E ' S   D E C I S I O N

Rendered on November 20, 2015

*Jerome Royster,* pro se.

*Michael DeWine*, Attorney General, and *Thomas C. Miller,* for respondent The Ohio Adult Parole Authority.

IN MANDAMUS
ON RESPONDENT'S MOTION TO DISMISS

{¶ 5}  Relator, Jerome Royster, has filed this original action requesting that this court issue a writ of mandamus ordering respondent, The Ohio Adult Parole Authority ("OAPA"), to provide him and "similarly situated inmates, a 'meaningful consideration for parole.' "

<u>Findings of Fact</u>:

{¶ 6}  1.  Relator is an inmate currently incarcerated at the Chillicothe Correctional Institution. Relator filed this petition for a writ of mandamus on September 15, 2015.

{¶ 7}   2. At the time he filed his petition, relator filed an affidavit of prior actions averring that, in the previous five years, he had not filed any civil actions nor appeals of civil actions in any state or federal court.

{¶ 8}   3. On October 16, 2015, respondent filed a motion to dismiss arguing that relator had failed to comply with R.C. 2969.25(A) because he failed to disclose cases which he had filed in the last five years.  Specifically, respondent states as follows:

> This Affidavit is materially false as that term is used in R.C. §
> 2969.24(A)(3). In fact, Inmate Royster, using the name
> "James Jerome Royster" filed a prior civil action in the
> United State District Court for the Southern District of Ohio,
> Eastern Division, on December 30, 2011 in Case No. 2:11-cv-
> 1163. www.uscourts.gov/search. In addition, on April 20,
> 2015, Inmate Royster, using the name "Jerome Royster,"
> filed a Petition for a Writ of Habeas Corpus, also in the
> United States District Court for the Southern District of
> Ohio, Eastern Division in Case No. 2:15-cv-1345. *Id.*
> Significantly the docket cover sheet for both prior cases
> reveal that despite in one of the cases using a name different
> than the name he has filed this present action under, verify
> that the filers are one and the same by reference to his
> Inmate Number, 141-662 on the Clerk's cover sheet for each
> of the two prior filings. Thus, by failing to report these prior
> civil actions, both of which have been filed within the past
> five (5) years of the filing of his instant Petition for a Writ of
> Mandamus, Inmate Royster's Petition fails to comply with
> R.C. § 2969.25(A), and clearly violates R.C. § 2969.24(A)(3).

{¶ 9}   4. The magistrate also notes that the inmate demand statement relator filed showing the balance in his inmate account for the previous six months and shows that he currently owes a balance on federal filing fees and those fees are being automatically withdrawn from his inmate account at regular intervals.

{¶ 10} 5. On November 3, 2015, relator filed his opposition to respondent's motion to dismiss.  Relator does not challenge respondent's assertion; instead, relator argues that R.C. 2969.25 is inapplicable to mandamus actions.

{¶ 11} 6. The matter is currently before the magistrate on respondent's motion to dismiss.

Conclusions of Law:

{¶ 12} R.C. 2969.25(A) requires an inmate to file, at the time he commences a civil action against a governmental entity or employee, an affidavit listing each civil action or

appeal of a civil action that he filed in the past five years, providing specific information regarding each civil action or appeal. In the present action, relator has filed an affidavit that does not comply with the statute.

{¶ 13} Compliance with the provisions of R.C. 2969.25 is mandatory and the failure to satisfy the statutory requirements is grounds for dismissal of the action. *State ex rel. Washington v. Ohio Adult Parole Auth.*, 87 Ohio St.3d 258 (1999); *State ex rel. Zanders v. Ohio Parole Bd.*, 82 Ohio St.3d 421 (1998); *State ex rel. Alford v. Winters*, 80 Ohio St.3d 285 (1997).

{¶ 14} In the present action, relator's affidavit regarding his other civil actions is not complete and fails to meet the requirements of the statute. Because relator cannot cure this deficiency at a later date, dismissal of the complaint is warranted.

{¶ 15} Relator did not comply with the mandatory requirements of R.C. 2969.25(A) when he failed to include two federal court cases which he has filed in the previous five years. As such, it is this magistrate's decision that this court should grant respondent's motion and dismiss relator's mandamus action.

/S/ MAGISTRATE
STEPHANIE BISCA

**NOTICE TO THE PARTIES**

Civ.R. 53(D)(3)(a)(iii) provides that a party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion, whether or not specifically designated as a finding of fact or conclusion of law under Civ.R. 53(D)(3)(a)(ii), unless the party timely and specifically objects to that factual finding or legal conclusion as required by Civ.R. 53(D)(3)(b).